Wayne MYRICK and Lynn Qualls,
Plaintiffs–Appellants,

v.

EASTERN BROADCASTING, INC., d/b/a
KODE Channel 12, Larry Young, Mari-
lyn Babb, Jerry Montgomery, and Sere-
na Baker, Defendants–Respondents.

No. 21941.

Missouri Court of Appeals,
Southern District,
Division One.

June 26, 1998.

George E. Goodwine, Camdenton, for Plaintiffs–Appellants.

Ron Mitchell, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for Defendants–Respondents.

Before GARRISON, P.J., and PREWITT and CROW, JJ.

PER CURIAM.

Wayne Myrick and Lynn Qualls ("Plaintiffs") sued Eastern Broadcasting, Inc., d/b/a KODE Channel 12, Larry Young, Marilyn Babb, Jerry Montgomery, and Serena Baker ("Defendants") for damages stemming from Defendants' recording and subsequent broadcast of video footage of a search and seizure of marijuana plants on Plaintiff Myrick's property. The trial court entered summary judgment in favor of Defendants, and Plaintiffs now appeal. We do not reach the merits of the case, but instead grant Defendants' motion to dismiss the appeal for lack of compliance with Rule 84.04.[1]

■ Rule 84.04(c) provides that the statement of facts in an appellant's brief "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." It must also contain specific citations to the legal file and transcript. Rule 84.04(h). The statement of facts in Plaintiffs' brief contains no such references, forcing us to sift through the record to determine whether it is accurate. Such a violation of Rule 84.04 constitutes grounds for the dismissal of Plaintiffs' appeal, although we hesitate to dismiss an appeal for this reason alone. *Brancato v. Wholesale Tool Co., Inc.*, 950 S.W.2d 551, 555 (Mo.App. E.D.1997).

---

1. All rule references are to Missouri Rules of Civil Procedure (1997).

However, Plaintiffs' brief contains another, more serious violation of appellate procedure, namely their failure to provide us with clear and coherent points relied on. Rule 84.04(d) provides that the points relied on in an appellant's brief "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." A conforming point will specify the trial court's ruling, briefly explain why the appellant believes it was erroneous, and inform the court wherein the testimony or evidence supports the ruling appellant believes the trial court should have made. *Thummel v. King,* 570 S.W.2d 679, 685 (Mo.banc 1978); *Murphy v. Aetna Cas. & Sur. Co.,* 955 S.W.2d 949, 950 (Mo.App. S.D.1997).

Although their brief does not denominate them as such, we gather that Plaintiffs present three points relied on. They appear in bold type at irregular intervals in Plaintiffs' brief, and are prefaced with the word "error." Their first point recites that "the standard of review of summary judgment by the trial court was erroneous," without explaining how or why that is so, or directing us to any part of the record supporting their position. Their second point states, "Facts sufficient to allege and support a cause of action for Trespass were properly pleaded by the facts alleged in the [Plaintiffs'] Petition." Again, they fail to identify the trial court ruling they seek to attack, and to explain wherein and why they believe it was erroneous. The same is true of Plaintiffs' third point, which reads, "Facts sufficient to allege and support a cause of action for Invasion of Privacy were properly pleaded by the facts alleged in [Plaintiffs'] Petition."

Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. *Mayes v. Mayes,* 941 S.W.2d 37, 39 (Mo.App. S.D. 1997). Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the ap-

pellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood. *Thummel,* 570 S.W.2d at 686. Plaintiffs have created just such a situation in the instant case.

Plaintiffs' severely deficient points, coupled with their inadequate statement of facts, causes their brief to "fall[ ] far short of compliance with Rule 84.04." *Brancato,* 950 S.W.2d at 555. We are not obliged to review their brief under these circumstances, and we decline to do so. *Id.* at 554.

Plaintiffs' appeal is dismissed.