**Joann HARRIS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 74477.**

Missouri Court of Appeals, Eastern District, Division Two.

April 6, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Isham R. Jones, III, Asst. Atty. Gen., Jefferson City, for appellant.

Carl M. Ward, Clayton, for respondent.

*OPINION*

JAMES R. DOWD, Presiding Judge.

The Director of Revenue ("Director") appeals from the circuit court's judgment reinstating the driving privileges of Joann Harris ("Driver") after Director suspended them pursuant to sections 302.505 RSMo Cum. Supp.1998 and 302.525 RSMo 1994. We reverse and remand.

On October 25, 1996, Driver was stopped at a sobriety checkpoint in St. Louis. When Driver rolled down the window of her vehicle to speak with Officer McGinnis of the City of St. Louis police department, he immediately detected the smell of alcoholic beverage on her breath and noticed that her eyes were red and watery. Driver failed two field sobriety tests and Officer McGinnis arrested her for driving while intoxicated. Driver agreed to take a breath analysis test. The test displayed a blood alcohol concentration ("BAC") of 0.17 percent. Based upon these results, Driver's driving privileges were suspended. The suspension was upheld after administrative review.

Driver filed a petition for a trial *de novo* with the circuit court. At trial on December 1, 1997, the parties stipulated to the admission of evidence subject to written and narrative objections and submitted the case on the

record. Director offered two exhibits as evidence. Exhibit A was a certified copy of the St. Louis City ordinance regarding driving while intoxicated which was in effect at the time of Driver's arrest. Exhibit B, which Director offered as a business record, included: (1) the alcohol influence report filed by the arresting officer, (2) the maintenance report for the DataMaster machine with the maintenance checklist, (3) the BAC DataMaster evidence ticket from Driver's breath test, (4) the certificate of analysis for the simulator solution used to calibrate the DataMaster, (5) a citation for operating a motor vehicle while intoxicated, and (6) affidavits from the records custodian of the Department of Revenue-DWI Division certifying that the records were business records kept in accordance with section 490.692 RSMo 1994.

Driver objected to certain portions of the alcohol influence report based on lack of foundation. Driver also objected to the admission of the certificate of analysis because Director failed to comply with 19 CSR 25–30.050(4) in that the supplier of the simulator solution was administratively dissolved, there was no evidence that RepCo Marketing Inc. manufactured the solution, the certificate of analysis contained double hearsay and Director did not offer evidence that the simulator used to calibrate the DataMaster breathalyzer was itself calibrated. Based upon these objections, the trial court excluded the certificate of analysis, the maintenance report, checklist, and test results printout. The court found that Officer McGinnis had probable cause to arrest Driver for driving while intoxicated, but that Driver did not have a BAC of 0.10 percent or more by weight. The court reinstated Driver's driving privileges. Director appeals.

Director asserts that: (1) she established a proper foundation to admit the maintenance report under 19 CSR 25–30.051, (2) the certificate of analysis for the simulator solution is not a false affidavit and does not contain double hearsay, (3) the administrative disso-

lution of the simulator solution supplier does not render certificate of analysis void, and (4) the trial court's decision was against the weight of the evidence because there was probable cause to arrest Driver for driving while intoxicated and her BAC exceeded 0.10 percent. We agree.

Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The circuit court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.*

■ To establish a prima facie case at the trial de novo, the Director must show by a preponderance of the evidence that Driver was arrested upon probable cause for violating an alcohol related offense and Driver was driving with a blood alcohol content of at least 0.10 percent by weight. *Kienzle v. Director of Revenue*, 944 S.W.2d 326, 327 (Mo.App. S.D.1997). Here, it is undisputed that Officer McGinnis had probable cause to arrest Driver. The only issue on appeal is whether Director established a sufficient foundation for admission of Driver's breath test results, which established that she had a BAC of 0.17 percent.

■ To establish a proper foundation for the admission of breath analysis test results, Director must demonstrate that: (1) the test was performed by following the approved techniques and methods of the Department of Health, (2) the operator had a valid permit, and (3) the equipment and devices were approved by the Department of Health. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App. E.D.1997). In *Vilcek v. Director of Revenue*, this Court found that under section 19 CSR 25–30.051, the Director could satisfy the required showing by admitting the maintenance report and the certificate of analysis.[1] 974 S.W.2d 602, 605 (Mo.App.E.D.1998). Subsection (4) 19 CSR 25–30.051 provides that maintenance reports

1. At the time of trial, the parties relied on 19 CSR 25–30.050(4). We note, however, that a new Department of Health regulation, 19 CSR 25–30.051 that addresses certificates of analysis, became effective September 1, 1997. This new regulation became effective after Driver's arrest but prior to her trial. Regulations concerning procedural rules apply retrospectively, and therefore, we review under the revised regulation. *Vilcek v. Director of Revenue*, 974 S.W.2d 602, 604 (Mo.App. E.D.1998).

completed on or after March 26, 1996 but before September 1, 1997 are valid "if a certificate of analysis was supplied with the simulator solution." *Id.*

 Relying on a prior regulation Driver argues that Director must show RepCo Marketing Inc. is the manufacturer of the simulator solution. In this case, however, the maintenance report was completed on October 25, 1996 and the certificate of analysis was attached to the maintenance report and offered at trial as part of Director's Exhibit B. Pursuant to 19 CSR 25–30.051(4), Director need only offer evidence that a certificate of analysis was supplied with the simulator solution. Director met her burden by including in the business records a copy of the certificate of analysis provided with the lot number of the simulator solution used to calibrate the breathalyzer in question.

■ Driver, however, contends that the certificate of analysis is unreliable as a business record and therefore it is insufficient to establish the elements necessary for the admission of the test result. Specifically, Driver argues that the certificate of analysis contains hearsay and is unreliable because Repco Marketing Inc., the corporation that provided the certificate of analysis, had been administratively dissolved. We disagree.

■ A certificate of analysis offered as a business record does not constitute inadmissible hearsay. *Vilcek,* 974 S.W.2d at 605. If there is proper attestation, a certificate of analysis is admissible to establish the police department's compliance with the requirements of 19 CSR 25–30.051(4). *Id.* Director offered the certificate of analysis pursuant to a notarized affidavit of the custodian of records of the Department of Revenue–DWI Division. Pursuant to section 302.312.1 RSMo Cum.Supp.1998, copies of all papers, documents, and records lawfully deposited or filed with the Department of Revenue and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence. As such, the certificate was admissible. *See Coleman v. Director of Revenue,* 970 S.W.2d 394, 397 (Mo.App. S.D.1998). Additionally, the fact that the certificate of analysis was provided by a corporation that had been administratively dissolved does not render the certificate void. *Mesler v. Director of Revenue,* 983 S.W.2d 605, 608 (Mo.App. E.D.1999).

Director established a sufficient foundation for the admission of Driver's breath test results, which established that Driver had a BAC of 0.17 percent. Accordingly, the trial court erred in finding that Driver did not have a BAC of 0.10 percent or more by weight.

The judgment of the trial court is reversed and remanded for the trial court to enter judgment reinstating the suspension of Driver's driving privileges.

LAWRENCE G. CRAHAN, J., and RICHARD B. TEITELMAN, J., concur.

