**Mark PERKEL, Appellant,**

v.

**Vicki STRINGFELLOW, Respondent.**

**Nos. 22947, 22948.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 31, 2000.

Motion for Rehearing or Transfer Denied
April 13, 2000.

Application for Transfer Denied
May 30, 2000.

Marc Perkel, Springfield, Pro Se.

James R. Sharp, Springfield, for respondent.

Before MONTGOMERY, P.J., PREWITT, J., and BARNEY, J.

PER CURIAM.

In Appeal No. 22947, Mark Perkel ("Appellant") appeals the Circuit Court of Greene County's dismissal of the *pro se* "Civil Complaint" he filed May 4, 1998. In Appeal No. 22948, Appellant appeals the Circuit Court of Greene County's dismissal of the *pro se* "Civil Complaint" he filed May 11, 1998.[1] Both appeals have their genesis in a dissolution of marriage action between the same parties and the resulting judgment was reviewed on direct appeal by this Court in *In re Marriage of Perkel*, 963 S.W.2d 445 (Mo.App.1998). On February 10, 1998, this Court modified the judgment as to a matter not pertinent to these appeals and affirmed the remaining portion of the judgment.[2] Both appeals are consolidated for purposes of this opinion.

After this Court's affirmance of the circuit court's judgment, as modified, in *In re Marriage of Perkel*, Appellant filed a "Civil Complaint" on May 4, 1998, asserting "an independent action in equity pursuant to Rule 74.06(d)." Appellant challenged the dissolution of marriage judgment between himself and Vicki Stringfellow ("Respondent"), alleging that it was obtained "through fraud upon the court...." Although not set out in his statement of facts in his brief, we glean from our review of the record that Appellant complained of "tampering with the administration of justice, and misconduct" on the part of Re-

---

1. In "Judgment[s] of Dismissal," filed December 21, 1998, the circuit court sustained both of Respondent's motions to dismiss. In the "fraud" claim, the circuit court ordered Appellant to pay $1,500.00 for respondent's attorney fees incurred in "defending this action for frivolous litigation."

2. This Court denied Appellant's motion for rehearing and transfer on March 3, 1998, and the Supreme Court of Missouri denied Appellant's application for transfer on April 21, 1998.

spondent's attorneys. Appellant alleged that Respondent's attorneys committed fraud on the court in that they "lied to the court to have [Appellant] sanctioned for failing to attend a deposition that didn't exist" and that they lied to the court and fabricated evidence with respect to Appellant's income.

Regarding Appeal No. 22948, in his "Civil Complaint" filed May 11, 1998, labeled by Appellant as "an independent action in equity for a declaratory judgment for relief," he challenges an April 4, 1995, "order of temporary maintenance in the divorce proceeding between [Appellant] and [Respondent]" ordering Appellant to pay Respondent separate maintenance, attorney's fees, and other payments. Appellant maintains that the pendente lite order in question was not signed by a judge and was, therefore, void.

Respondent filed motions to dismiss both of Appellant's complaints for failure to state a claim for which relief may be granted. Specifically, as to those issues set out in Appeal 22947, Respondent alleged in the court below that Appellant's fraud claim concerning discovery, "even if true, [does] not [allege] the type of fraud which [Appellant] can receive relief" in that the issues in the claim were dealt with "by the Court in the dissolution case, both at the hearing on [Respondent's] motion for sanctions ... and at the trial of the case...." As to Appellant's other fraud claims, Respondent posited that such claims concerned "the propriety of the dissolution judgment itself and not the manner in which the judgment was obtained...."

As to those issues set out in Appeal No. 22948, in the court below Respondent also moved to dismiss Appellant's "Civil Complaint" that the pendente lite order was not signed by a judge, pointing out that Appellant did not appeal the granting of the pendente lite order. Respondent maintains that this failure acted "as a waiver and preclud[ed] [Appellant] from bringing th[e] independent action."

■ Appellant appears before this Court *pro se.* Nevertheless, he is bound by the same rules of procedure as a party represented by a licensed attorney. *See Belisle v. City of Senath,* 974 S.W.2d 600, 601 (Mo.App.1998); *Maroney v. Maroney,* 953 S.W.2d 644, 645 (Mo.App.1997).

> While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. *Brown v. City of St. Louis,* 842 S.W.2d 163, 165 (Mo.App. E.D.1992). It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

*Kline v. Casey's Gen. Stores, Inc.,* 998 S.W.2d 140, 141 (Mo.App.1999)(quoting *Sutton v. Goldenberg,* 862 S.W.2d 515, 517 (Mo.App.1993)).

## *I.*

### *Appeal No. 22947.*

In his "Statement of Facts", Appellant sets out that:

> 1) On May 4[th] 1998 the plaintiff filed an Independent Action in Equity pursuant to Rule 74.06(d) attacking the final judgment in his divorce for fraud upon the court. [Page 4]
>
> 2) In his pleading the plaintiff alleged fraud upon the court and sufficient facts to support fraud upon the court as required by Rule 74.06(d). [Page 4–14]
>
> 3) On December 14[th] 1998 a hearing was held in this case and another case 198CC1753. Judge McBeth dismissed both complaints. [Page 40–43]
>
> 4) Judge McBeth dismissed this case as frivolous and assessed $1,500 in attorney's fees. [Page 40–43]
>
> 5) The plaintiff filed a timely motion to reconsider asking for clarification of the issues involved and the judge failed to rule within the time period allotted by law. [Page 44]

We immediately observe that Appellant's statements of facts in this appeal violate Rule 84.04(c).[3] His statement of facts is nothing more than a five sentence procedural history of the case. Appellant fails to include any specific facts relating to his fraud claim, opting instead to state the legal conclusion that, "[i]n his pleading, [he] alleged fraud upon the court and sufficient facts to support fraud upon the court as required by Rule 74.06(d)." Rule 84.04(c) requires that the statement of facts in an appellant's brief be "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). This requirement serves to define the scope of the controversy and afford the appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case. *See Chopin v. American Auto. Ass'n*, 969 S.W.2d 248, 251 (Mo. App.1998); *Haynes Family Corp. v. Dean Properties, Inc.*, 923 S.W.2d 465, 466–67 (Mo.App.1996). Further, "[a] statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient." *Angle v. Grant*, 997 S.W.2d 133, 134 (Mo.App.1999). "Such a violation of Rule 84.04 constitutes grounds for the dismissal of Plaintiff's appeal, although we hesitate to dismiss an appeal for this reason alone." *Myrick v. Eastern Broadcasting, Inc.*, 970 S.W.2d 885 (Mo.App.1998); *see also Cade v. State*, 990 S.W.2d 32, 36 n. 2 (Mo.App.1999); *Tate v. Kamakas*, 989 S.W.2d 617, 618–19 (Mo.App.1999).

Appellant also alleges four points of trial court error, as follows:

1) The trial court erred in dismissing this action for failing to state a claim for which relief can be granted because an independent action in equity is allowed for fraud upon the court pursuant to Rule 74.06(d) and it is the correct procedure for attacking a judgement based upon fraud upon the court. *Nazeri v. Missouri Valley College*,860 S.W.2d 303, 306 (Mo. banc 1993); *Sullivan v. Carlisle*,851 S.W.2d 510, 512 (Mo. banc 1993).

2) The trial court erred in determining the plaintiff's action as frivolous because an independent action in equity is allowed for fraud upon the court pursuant to Rule 74.06(d). The plaintiff correctly alleged fraud upon the court. The plaintiff may eventually lose the case but it certainly is brought within the rules.

3) The trial court erred in awarding attorney's fees because this is neither a divorce action nor a contract dispute where attorney's fees are provided for. There is no statute to support an award of attorney's fees in an independent action in equity. In order to award attorney's fees in violation of the "American Rule" there has to be a finding to give the reason that the fees fit into one of the exceptions. *DCW Enterprises v. Terre Du Lac Association*,953 S.W.2d 127.

4) The trial court erred in awarding attorney's fees as punishment for the plaintiff representing himself because the Supreme Court has established that an individual has the right to represent himself in court. *Faretta v. California*,422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562.

Appellant's first point is deficient in that it is nothing more than an abstract statement that independent actions in equity concerning fraud upon the court are allowed under Rule 74.06(d). *See* Rule 84.04(d)(4).[4] Abstract statements of law,

---

**3.** All rules references are to Missouri Court Rules (1999), unless otherwise specified.

**4.** Under rule 84.04(d):
(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;
(B) state concisely the legal reasons for the appellant's claim of reversible error; and

standing alone, do not comply with this rule. *See Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App.1999). Appellant also fails to "state concisely the legal reasons for the appellant's claim of reversible error," Rule 84.04(d)(1)(B), and to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(C); *see Jennewein v. Puricelli,* 988 S.W.2d 643, 644 (Mo.App.1999); *Superior Outdoor Advertising Co. v. Snadon,* 965 S.W.2d 421, 423 (Mo.App.1998); *Tate v. Kamakas,* 989 S.W.2d at 619. Appellant's first point is denied.

■■■ Appellant makes the same errors in his second point as in his first. His second point is nothing more than a bald assertion that the trial court erred in "determining [his] action as frivolous because [it] ... correctly alleged fraud upon the court." *See J.A.D. v. F.J.D.,* 978 S.W.2d 336, 338 (Mo. banc 1998); *Thummel v. King,* 570 S.W.2d 679, 685–686 (Mo. banc 1978). The purpose of the briefing requirements regarding points relied on is to give "notice to the party opponent of the precise matters which must be contended with and answered" and "to inform the court of the issues presented for resolution." *Id.* at 686. If the appellate court must search the argument portion of the brief or the record on appeal to determine or clarify the nature of the asserted claims, the court may interpret the claims differently than the opponent or differently than was intended by the party asserting the claim. *See id.* The function of the appellate court is to examine asserted trial court error, not to serve as advocate for any party to an appeal. *See id.* Where a brief fails to comply with the applicable rules

and does not sufficiently advise the court of the contentions asserted and the merit thereof, "the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. *Id.* Courts should not be asked to assume such a role." *Thummel,* 570 S.W.2d at 686. Appellant's second point is denied.

■■■ In Appellant's third point, he avers that the trial court erred in awarding fees "because this is neither a divorce action nor a contract dispute where attorney's fees are provided for." Appellant further posits that "[t]here is no statute to support an award of attorney's fees in an independent action in equity."

The trial court awarded Respondent $1,500.00 "for attorney fees in defending th[e] action for frivolous litigation." As noted in Respondent's appellate brief, section 514.205, RSMo 1994, states:

> In any civil action or part of a civil action pending before any division of any court of this state ... if the court finds after a hearing for such purpose that the cause was initiated ... or any proceeding therein was had frivolously and in bad faith, the court shall require the party who initiated such a cause ... or caused such a proceeding to be had to pay the other party ... the amount of the costs attributable thereto and the reasonable expenses incurred ... including reasonable attorney's fees....

§ 514.205.[5] Appellant acknowledges in his reply brief that "[a]wards of attorney's fees are sometimes justified ... for merit-

---

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the*

case, *support the claim of reversible error*]."

Rule 84.04(d)(1). Rule 84.04(d)(4) provides, in pertinent part, that:

  (4) Abstract statements of law, standing alone, do not comply with this rule.

Rule 84.04(d)(4).

**5.** All statutory references are to RSMo 1994.

less and frivolous lawsuits brought in bad faith." However, Appellant argues that "this case is hardly a frivolous issue" and that "[i]n this case the award was used merely as a tool to discourage pro se representation." Appellant further argues that "[i]n order to make such an award, the court has to make the appropriate findings of fact that such an award is justified."

"We will affirm a trial court's decision to impose sanctions pursuant to § 514.205 ... unless the court abused its discretion in doing so." *Robin Farms, Inc. v. Beeler*, 991 S.W.2d 182, 186 (Mo. App.1999). "An abuse of discretion occurs when the court's order 'is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.'" *Id.* (quoting *Markovitz v. Markovitz*, 945 S.W.2d 598, 599 (Mo.App.1997)). In order for a trial court to award attorney fees under section 514.205, the court "must (1) conduct a hearing, (2) make a finding that the pleading or proceeding was had frivolously and in bad faith, and (3) assess an amount based on the costs and expenses attributable to opposing those pleadings or proceedings." *W.E.F. v. C.J.F.*, 793 S.W.2d 446, 453 (Mo.App.1990).

However, the lower court in the instant matter failed to adequately follow the foregoing requirements. The record reveals that there was a hearing conducted relating to Respondent's motion for dismissal and such motion did contain Respondent's request for attorney fees.[6] However, "[s]ection 514.205 ... expressly provides for the imposition of sanctions where it is determined after a hearing for such purpose that a motion was filed in bad faith." *D.S.P. v. R.E.P.*, 800 S.W.2d 766, 771 (Mo.App.1990). "Implicit in the

requirement of a 'hearing for this purpose' is the invocation of basic due process principles of notice and opportunity to be heard." *Id.* Here, the record of the hearing reveals that at the beginning of the hearing, Appellant was somewhat confused as to what the hearing related to and was told by the trial court that the purpose of the hearing was "[t]o argue the Motion to Dismiss." The parties then went on to argue the respective motions to dismiss filed in both of Appellant's cases. After a lengthy discussion, the lower court then asked, "I see there's a prayer for attorney's fees, did you care to address that [Defense Counsel]?" Both parties were then given an opportunity to argue this matter. Defense counsel stressed both the frivolity of the cases and the apparent vindictiveness of Appellant's litigious history. On the other hand, Appellant continued with his arguments that his complaints were valid, defended his various lawsuits and posited that Defense Counsel "should have to pay my expenses for me having to bring these cases in the first place and keeping me in court for almost five years."

The circuit court stated that it was "going to sustain the Motion to Dismiss in both cases" and that it was "going to assess attorney's fees only in the purported fraud case in the amount of $1,500.00." However, the circuit court made no finding that Appellant filed his action "in bad faith" as is specifically required by section 514.205. *See W.E.F. v. C.J.F.*, 793 S.W.2d at 453; *D.S.P. v. R.E.P.*, 800 S.W.2d at 771.[7] Accordingly, the circuit court's order is defective and must be set aside. Point sustained.

In light of our holding as to Appellant's third point Appellant's fourth point is moot.

---

**6.** In her brief, Respondent cites only to § 514.205. *See also* Rule 55.03(c), Missouri Court Rules (1998).

**7.** We also observe that Rule 55.03(c)(3) provides that "[w]hen imposing sanctions, the

court shall describe the conduct determined to constitute a violation of this Rule 55.03 and explain the basis for the sanction imposed. Rule 55.03(c)(3) Missouri Court Rules (1998).

In Appeal No. 22947, the judgment of the trial court dismissing Appellant's Civil Complaint dated May 4, 1998, is affirmed, save for the award of attorney's fees to Respondent, which is vacated.

## II.

### Appeal No. 22948.

█ In this appeal we observe that Appellant's Points Relied On are not re-stated "at the beginning of the section of the argument discussing that point." Rule 84.04(e). Additionally, Appellant also violates Rule 84.04(e) by expanding his argument into areas not covered by his points relied on.[8]

█ Appellant raises five points in this appeal. Although inartfully drawn, we discern that Appellant premises his points of error and argument, on the invalidity of an April 4, 1995, "order of the court" made during the course of the original dissolution of marriage litigation. We further discern that this "order of the court" of which Appellant complains was a pendente lite order whereby Appellant was directed to make payments to Respondent for separate maintenance, attorney's fees and "other payments." Boiled down to the essentials, as best we can glean from his points and his supporting argument, he maintains that contrary to Rule 74.01(a), or Administrative Rules 4.09(6) and/or 4.12, the "order of the court" was either "unsigned," or made by an "unknown author," or signed by a family law commissioner and not by a judge. Therefore, he argues that such a pendente lite order was void from its inception. We disagree.

█ We take judicial notice that in Appellant's prior appeal of the dissolution of marriage judgment entered on August 5, 1996, Appellant made no complaint that the pendente lite order of April 5, 1995, was not signed by a judge.[9] Neither did he complain that the order was improperly signed or docketed, or signed or docketed by a family law commissioner. Nor did Appellant complain of "unknown" persons signing the pendente lite order. Indeed, Appellant admits making payments in accordance with what he now terms a "void order." In his brief, Appellant submitted that he "made payments according to that order totaling about $40,000 believing the order to be a valid order of the court." Appellant is now estopped from challenging the "order of the court" dated April 5, 1995. "'It is elementary that in a case [where] a party to an action accepts the benefits of a judgment in his favor or acquiesces in a judgment against him he thereby waives his right to have said judgment reviewed on appeal.'" *Schulte v. Schulte*, 949 S.W.2d 225, 227 (Mo.App. 1997).

It has often been said that a void judgment is no judgment; that it may be attacked directly or collaterally.... It neither binds nor bars anyone.... [Y]et, notwithstanding, a party to such judgment may voluntarily perform it, by paying the amount adjudged against him and, when paid, no inquiry will be made as to the validity of the judgment; or he may perform the acts required by a void decree, or accept its benefits, and thereby estop himself from questioning the decree. In other words, a party to a void judgment or decree may be estopped from attacking it, either directly or indirectly.

*State ex rel. York v. Daugherty*, 969 S.W.2d 223, 225 (Mo. banc 1998); *see also Matter of Estate of Tapp*, 569 S.W.2d 281,

---

8. Appellant posits in his argument section that not only is the complained of "unsigned order" void but that the final judgment in his dissolution case is also void by association, in that the judge in the dissolution case "must have relied on the findings of the unknown author" of the "unsigned order" in reaching his final judgment.

9. The Court of Appeals may take judicial notice of its own records when justice so requires. *Colvin v. Carr*, 799 S.W.2d 153, 158 (Mo.App.1990); *see also In re Murphy*, 732 S.W.2d 895, 902 (Mo. banc 1987).

285 (Mo.App.1978)(one accepting and retaining benefits of a void judgment is estopped to deny the validity of any part thereof, or any burdensome consequences, even where invalidity arises from want of subject matter jurisdiction); *State, Dept. of Social Services v. Houston*, 989 S.W.2d 950, 952 (Mo. banc 1999)(15 months failure to challenge validity of a child support modification order when circumstances "invited an expression of a position contrary to compliance with the order by filing a petition for review" constituted conduct affirming the validity of the order).

Additionally, although "[t]he law in Missouri is clear that *pendente lite* orders in domestic cases are appealable," *Darr v. Darr*, 950 S.W.2d 867, 870 (Mo. App.1997); *Buder v. Buder*, 824 S.W.2d 483, 485 (Mo.App.1992); *see generally Cross v. Cross*, 790 S.W.2d 928 (Mo.App. 1990), as stated previously, our review of the record reveals that Appellant made no appeal from the pendente lite order in question. Furthermore, this Court's opinion in *In Re Marriage of Perkel, supra*, is silent as to the pendente lite order in question. As a general rule; "[t]he doctrine of the law of the case is that an adjudication in an earlier appeal in the case is the law of the case as to all questions directly raised and passed upon, and is also the law of the case *as to matters which arose prior to the first appeal and might have been raised thereon but were not.*" *Davis v. General Elec. Co.*, 991 S.W.2d 699, 703 (Mo.App.1999)(emphasis added). Appellant's complaints that the pendente lite order was defective relate to "matters which arose prior to the first appeal and might have been raised thereon but were not." *Id.* The law of the case holds that the adjudication of the direct appeal precludes Appellant from raising such matters again. *Id.*

Appellant's five points are denied. The judgment of the trial court in Appeal No.

1. All subsequent citations are to RSMo 1994

22948, dismissing Appellant's Civil Complaint dated May 11, 1998, is affirmed.