**Pamela Fausett CHRISTOMOS, Claimant–Appellant,**

v.

**HOLIDAY INN BRANSON, Employer–Respondent.**

No. 23556.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 13, 2000.

Mark A. Vingl, Brad Bradshaw, M.D., J.D., L.C., Springfield, for Appellant.

William F. Ringer, Evans & Dixon, Kansas City, for Respondent.

PHILLIP R. GARRISON, Judge.

Pamela Fausett Christomos ("Claimant") appeals from a final award of the Labor and Industrial Relations Commission ("Commission") denying her compensation for future medical treatment. Claimant's claim was based on injuries she received from a fall while working at the Holiday Inn Branson.

In a workers' compensation case, we review the decision of the Commission to see if it is supported by competent and substantial evidence on the record as a whole. *Wilmot v. Bulman*, 908 S.W.2d 139, 141 (Mo.App. S.D.1995); *Davis v. Research Med. Ctr.*, 903 S.W.2d 557, 571 (Mo. App. W.D.1995). In this case, however, we do not reach the merits because Claimant's brief fails to comply with the requirements of Rule 84.04.[1]

Rule 84.04(a) provides that an appellate brief shall contain: (1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited; (2) A concise statement of the grounds on which jurisdiction of the review court is invoked; (3) A statement of facts; (4) The points relied on; (5) An argument, which shall substantially follow the order of the points relied on; and (6) A short conclusion stating the precise relief sought.

Claimant's brief violates almost every subsection of Rule 84.04. First, Claimant's brief contains no jurisdictional statement. An appellate brief is deficient when it does not contain a jurisdictional statement as required by Rule 84.04(b). *Hill v. St. John's Reg'l Health Ctr.*, 911 S.W.2d 305, 306 (Mo.App. S.D.1995).

Second, Claimant's statement of facts fails to comply with Rule 84.04(c), which states that the statement of facts "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument," and Rule 84.04(i), which requires that the statement of facts in an appellant's brief

---

1. All rule references are to Missouri Rules of Civil Procedure (2000).

have specific page references to the legal file or the transcript. Claimant's statement of facts, which is just over one page in length, does not afford a complete and accurate understanding of the facts of the case, and contains only three references to the 275–page transcript. Claimant's failure to provide a statement of facts that complies with Rule 84.04(c) is basis for the dismissal of her appeal, as the failure to substantially comply with Rule 84.04(c) preserves nothing for appellate review. *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 217 (Mo.App. S.D.1999); *Kline v. Casey's Gen. Stores, Inc.*, 998 S.W.2d 140, 142 (Mo. App. S.D.1999).

Claimant's brief also fails to provide a coherent point relied on. Rule 84.04(d)(2) provides that a point relied on in an appellant's brief shall "(A) identify the administrative ruling or action the appellant challenges; (B) state concisely the legal reasons for appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Claimant's point relied on sets out an argument, and then an abstract statement of law, but does not explain why, in the context of the case, the law supports the claim of reversible error. If we attempt to interpret Claimant's point as stated, the Court will be forced to act as an advocate for Claimant, which we cannot do. See *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978); *Myrick v. Eastern Broad., Inc.*, 970 S.W.2d 885, 886 (Mo.App. S.D.1998).

The argument portion of Claimant's brief also fails to comply with Rule 84.04(e). Rule 84.04(e) provides that the argument portion of an appellant's brief should "substantially follow the order of 'Points Relied On'" and should include a "concise statement of the applicable standard of review." An argument should show how the principles of law and the facts of the case interact. *State v. Jones*, 786 S.W.2d 926, 928 (Mo.App. W.D.1990). Claimant's argument, however, fails to set forth the applicable standard of review, cites no relevant authority and fails to specify why citations are unavailable. Claimant's argument, which is two paragraphs long, consists solely of a partial reiteration of her point relied on and a concluding statement, and, as such, fails to advise the Court of how the facts in the case and the law support the claim of reversible error.

As shown, Claimant's brief falls woefully short of any reasonable compliance with Rule 84.04. A failure to substantially comply with Rule 84.04 preserves nothing for appellate review. *Libberton v. Phillips*, 995 S.W.2d 66, 67 (Mo.App. S.D.1999). Accordingly, Claimant's appeal must be dismissed.

PREWITT, J., and BARNEY, C.J., concur.