**In the ESTATE OF Cecil PHILLIPS, Deceased Barbara A. Godley, Administrator Pendente Lite, Petitioner–Respondent,**

v.

**Ivle Ray MATNEY, Jr., Respondent–Appellant.**

No. 23732.

Missouri Court of Appeals,
Southern District,
Division Two.

March 5, 2001.

---

Appellant files pro se.

No brief filed by Respondent.

Before BARNEY, C.J., PREWITT, J., and GARRISON, J.

PER CURIAM.

Ivle Ray Matney, Jr. (Appellant) appeals the Judgment of the Probate Division of the Circuit Court of Dunklin County, filed November 19, 1999, determining that title and right of possession of certain cash funds belong to the estates of Cecil and Ethel Phillips, decedents. In addition, Appellant is appealing the Order issued by the Probate Division, filed November 19, 1999, sustaining Petitioner's motion to dis-

miss the claim of Appellant for the return of said funds, and further barring Appellant from re-litigating the issue of rightful ownership of the aforementioned cash funds. The appeal is dismissed.

On May 10, 1999, Petitioner, as Administrator Pendente Lite of the Estate of Cecil Phillips, filed a "Petition for Discovery of Assets and for Constructive Trust," in the Circuit Court of Dunklin County, Probate Division. Therein, Petitioner requested a determination of "the title and right of possession of" approximately $5,300.00 in cash that was recovered from Appellant's residence or in or around his vehicle during the investigation of the murders and robbery of Cecil Phillips and Ethel Phillips, for which Appellant had been convicted. At the time Petitioner filed her petition, she alleged that the cash was in the possession of the Dunklin County Prosecutor, held as evidence. Petitioner further asked the court to "impose a constructive trust on said cash for the benefit of the Estates of Cecil Phillips and Ethel Phillips." [1]

The State filed a motion to intervene "to protect its possessory interest in and to" the cash, contending it was in the possession of the Southeast Missouri Regional Crime Lab and was "essential" to the then-continuing investigation.

Appellant filed his Answer, claiming that $2,300 of the cash seized was his property, as it was a portion of an $11,000.00 workers' compensation settlement he received in June, 1996.

---

1. Ivle Ray Matney, Jr. was convicted of the 1996 murders of Cecil and Ethel Phillips. He was also found guilty of first-degree robbery, in connection with the murders. In the course of the investigation, highway patrol investigators discovered an envelope containing $3,000.00 in the same location where Matney had driven his truck off the road on the morning of December 18, 1996. The wrecker driver who towed Matney's truck led investigators to the location, where the $3,000.00 was found some twelve feet from the tire track. Another $2,300 in currency was recovered from Matney's residence in a subsequent search on December 25, 1996.

On October 25, 1999, after an opinion from the Southern District of the Missouri Court of Appeals affirming Appellant's conviction (*State v. Matney*, 979 S.W.2d 225 (Mo.App.1998)), Petitioner filed a Motion to Dismiss Appellant's claim to the cash, stating that "[t]he issue of Respondent's claim for said monies is res judicata, rightful ownership of the funds having been determined in the criminal trial."

In answer to Petitioner's motion to dismiss, Appellant contended that in its opinion affirming the conviction, the appellate court made "no determination or finding that these funds belong to either Cecil or Ethel Phillips," and asserted that "res judicata is not an appropriate legal conclusion for this court."

The Circuit Court of Dunklin County Probate Division found for Petitioner and determined that title and right of possession of the $5,300.00 belonged to the estates of Cecil and Ethel Phillips and ordered the transfer of the cash upon completion of the investigation and litigation. In its Order dated November 17, 1999, the court dismissed Appellant's claim to the monies at issue and barred Appellant "from re-litigating [the] issue of rightful ownership of the" cash.

It is from this decision that Appellant files his pro se appeal. There was no brief filed by Petitioner.

■ An appellant proceeding pro se is "held to the same standard as the client of a licensed attorney," *State ex rel. Watkins v. Watkins*, 972 S.W.2d 609, 610 (Mo.App. 1998), and is bound by the same rules of procedure. *Mace v. Daye*, 17 S.W.3d 154, 155 (Mo.App.2000). "While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers." *Murphy v. Shur*, 6 S.W.3d 207, 208 (Mo.App.1999).

■ Compliance with the briefing requirements in Rule 84.04 is mandatory "in order to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been made." *Myrick v. Eastern Broadcasting, Inc.*, 970 S.W.2d 885, 886 (Mo.App.1998). "Violations of the rules of appellate procedure are grounds for the dismissal of an appeal." *Parnes v. Centertainment, Inc.*, 14 S.W.3d 145, 147 (Mo.App.2000).

■ Rule 84.04(c) requires that an appellant's statement of facts contains "a fair and concise statement of facts relevant to the questions presented for determination." Here, Appellant's statement of facts recites only an abbreviated version of the procedural history of the case and fails to set forth any material evidence, and is therefore deficient. *See Angle v. Grant*, 997 S.W.2d 133, 134 (Mo.App.1999).

■ Rule 84.04(d) mandates that a point relied on must "identify the trial court ruling or action that the appellant challenges; ... state concisely the legal reasons for the appellant's claim of reversible error; and ... explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Appellant's single point relied on stated: "Appellant asserts that trial court erred in granting Respondent's Motion to Dismiss and in order[ing] funds seized from the home of [Appellant] to be owned by the Respondent's [sic]."

■■ It is not enough for a point relied on to simply state that "the trial court was wrong without alluding to some evidence or testimony which gives support to such conclusions." *Skalecki v. Small*, 976 S.W.2d 566, 568 (Mo.App.1998). An insufficient point relied on in an appellant's brief preserves nothing for appellate review and constitutes grounds for dismissal. *Midwest Arbitration and Mediation, Inc.*

*v. Condry,* 17 S.W.3d 147, 149 (Mo.App. 2000).

▪▪▪ Rule 84.04(e) provides that the argument portion of an appellate brief shall "include a concise statement of the applicable standard of review for each claim of error." An argument should also demonstrate "how the principles of law and the facts of the case interact." *Christomos v. Holiday Inn Branson,* 26 S.W.3d 485, 487 (Mo.App.2000). Here again, Appellant's brief fails to comply, in that he sets forth no applicable standard of review, he states no principles of law to which the facts of his case can be compared, and his argument cites no relevant authority, nor does it specify why citations are not available. Where the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned. *Clark v. Clark,* 20 S.W.3d 562, 566 (Mo.App.2000).

As there was no substantial compliance with Rule 84.04, *see Myrick,* 970 S.W.2d at 886, this appeal is dismissed.