**In the Estate of Charles E. BRADY, Deceased, Elaine Gilley, Camden County Public Administrator, Appellant,**

v.

**Charles O. ROSSOTTI, Commissioner, Internal Revenue Service; Quentin Wilson, Director of Revenue, State of Missouri; Kari Brady, an individual; and Community Bank of the Ozarks, a corporation, Respondents.**

No. 24818.

Missouri Court of Appeals, Southern District, Division One.

Aug. 8, 2002.

Michael A. Carter, Phillips, McElyea, Carpenter & Welch, P.C., Camdenton, for Appellant.

James R. Fossard, Pratt & Fossard, Springfield, for Respondents.

Before MONTGOMERY, P.J., GARRISON, J. and BARNEY, J.

PER CURIAM.

Elaine Gilley ("Appellant"), Personal Representative of the Estate of Charles E. Brady, appeals the order of the Circuit Court of Camden County, Probate Division, dismissing Appellant's petition for discovery of assets and declaratory judgment in two counts against Respondent, Kari Brady, and Respondent, Community Bank of the Ozarks, respectively. The Probate Division sustained each Respondent's separate motion to dismiss Appellant's petition based on Appellant's failure to state a cause of action against each Respondent. Because of numerous violations of Rule 84.04 we are compelled to dismiss Appellant's appeal.[1]

█ We first observe that Appellant's statement of facts is not a fair and concise statement of the facts relevant to the questions presented for determination without argument. *See* Rule 84.04(c). This requirement serves to define the scope of the controversy and affords a reviewing appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case. *Perkel v. Stringfellow,* 19 S.W.3d 141, 146 (Mo.App.2000); *see Estate of Phillips v. Matney,* 40 S.W.3d 15, 18 (Mo.App.2001); *In re Marriage of Gerhard,* 34 S.W.3d 305, 306–07 (Mo.App. 2001).

█ As in *Perkel* and *Phillips, supra,* Appellant's statement of facts, two pages in length, is merely a recitation of the procedural history of the case and fails to set forth any relevant evidence. "A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient." *Angle v. Grant,* 997 S.W.2d 133, 134 (Mo.App.1999). "Such a violation of Rule 84.04 constitutes grounds for the dismissal of Plaintiffs' appeal, although we hesitate to dismiss an appeal for this reason alone." *Myrick v. Eastern Broadcasting, Inc.,* 970 S.W.2d 885 (Mo. App.1998); *see also Christomos v. Holiday Inn Branson,* 26 S.W.3d 485, 487 (Mo.App. 2000); *Cade v. State,* 990 S.W.2d 32, 36 n. 2 (Mo.App.1999); *Tate v. Kamakas,* 989 S.W.2d 617, 618–19 (Mo.App.1999).

█ Unfortunately, Appellant's brief also suffers from additional procedural maladies, specifically relating to Rule 84.04(d). Point One reads as follows:

> The Circuit Court of Camden County, Probate Division, erred in sustaining Respondent Kari Brady's Motion To Dismiss Count I of the Petition against her, because the Circuit Court of Camden County, Probate Division, did not correctly apply the law, in that the facts alleged in the Petition meet the elements of a recognized cause of action and defendant did not meet its burden of establishing that the elements pled by plaintiff fail to state a cause of action.

█ "Rule 84.04(d) mandates that a point relied on must 'identify the trial court ruling or action that the appellant challenges; ... state concisely the legal reasons for the appellant's claim of reversible error; and ... *explain in summary fashion, why, in the context of the case,* those legal reasons support the claim of reversible error.'" *Phillips,* 40 S.W.3d at 18 (quoting Rule 84.04(d)) (emphasis add-

---

**1.** All Rules references are to Missouri Court Rules (2002).

ed). Here, Appellant's point is conclusory in nature and fails to set out what rule of law the court should have applied and the evidentiary basis for it. *Zakibe v. Ahrens & McCarron, Inc.*, 28 S.W.3d 373, 389 (Mo.App.2000). It is not enough for a point relied on to simply state that the trial court was wrong without alluding to some evidence or testimony that gives support to such a conclusion. *Phillips*, 40 S.W.3d at 18. Appellant's point "fails to summarize the evidence that supports [Appellant's] claim that it made a submissible case." *Zakibe*, 28 S.W.3d at 389. "An insufficient point relied on in an appellant's brief preserves nothing for appellate review and constitutes grounds for dismissal." *Phillips*, 40 S.W.3d at 18.[2]

 "The purpose of the briefing requirements regarding points relied on is to give 'notice to the party opponent of the precise matters which must be contended with and answered' and 'to inform the court of the issues presented for resolution.'" *Perkel*, 19 S.W.3d at 147 (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). "If the appellate court must search the argument portion of the brief or the record on appeal to determine or clarify the nature of the asserted claims, the court may interpret the claims differently than the opponent or differently than was intended by the party asserting the claim." *Id.* "The function of the appellate court is to examine asserted trial court error, not to serve as advocate for any party to an appeal." *Id.* "Where a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, 'the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency.'" *Id.*

(quoting *Thummel*, 570 S.W.2d at 686). "Courts should not be asked to assume such a role." *Id.; see Christomos*, 26 S.W.3d at 487.

 Lastly, we also note that while "Rule 84.04(e) provides that the argument portion of an appellate brief shall 'include a concise statement of the applicable standard of review' for each claim of error," *Phillips*, 40 S.W.3d at 19 (quoting Rule 84.04(e)), the "argument should also demonstrate 'how the principles of law and the facts of the case interact.'" *Id.* (quoting *Christomos*, 26 S.W.3d at 487). While in each of her points Appellant has set out the standard of review for a trial court's grant of a motion to dismiss, she totally fails to demonstrate what respective principles of *substantive* law entitle her to relief as to each count asserted in her petition. *See Estate of Saling*, 924 S.W.2d 312, 313 (Mo.App.1996) ("if the allegations invoke principles of substantive law entitling Plaintiff to relief, the petition is not to be dismissed."). Indeed, in the argument portion of both points, she has provided no citations of case authority (or explained her failure to do so) other than those relating to the standard of review of a motion to dismiss. In this connection, Appellant has failed to cite all the required *relevant* authority supporting her point. *Martin v. Morgan*, 61 S.W.3d 300, 302 (Mo.App.2001); *see Gerhard*, 34 S.W.3d at 307.

 "A failure to substantially comply with Rule 84.04 preserves nothing for appellate review." *Christomos*, 26 S.W.3d at 487; *Martin*, 61 S.W.3d at 302; *see Phillips*, 40 S.W.3d at 18. Accordingly, Appellant's appeal must be dismissed.

---

2. Appellant makes the same procedural errors in her second point as in her first.