**Alfred R. BONSER, Appellant,**

v.

**Albert ENGELBRECHT, Jr., Respondent.**

**No. 24617.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 28, 2002.

Alfred R. Bonser, pro se, Cuba, for appellant.

Sidney T. Pearson III, Steelville, for respondent.

KERRY L. MONTGOMERY, Presiding Judge.

Alfred R. Bonser, a pro se litigant,[1] appeals from a judgment finding that Albert Engelbrecht, Jr., Sheriff of Crawford County, did not "purposely or otherwise violate sections 610.010 to 610.027, RSMo.," commonly called the Sunshine Law.

The judgment resulted from Bonser's petition to compel the Sheriff to produce certain documents relating to Bonser's confinement in the Crawford County Jail. After hearing the evidence, the trial court found that the Sheriff complied belatedly with "much" of Bonser's requests, but he failed to produce any requested information on "inmates confined within the jail, including dates they were confined and reason for their confinement, during [Bon-

ser's] confinement." The trial court found that "information pertaining to other inmates is not necessarily a matter of public record."

Here, Bonser presents two points relied on. His first point alleges that "[t]he court erred in holding that the [Sheriff] 'did not purposely or otherwise violate Sections 610.010 to 610.027, RSMo.' because:...." Following this allegation, Bonser merely sets forth the provisions of seven different sections of §§ 610.011.1 through 610.028.2.

Bonser's last point alleges that "[t]he court erred in holding that the requested records are not all public records because:...." Following this allegation, Bonser again only sets forth the provisions of nine different sections of §§ 610.100.1 through 610.028.2.

The Sheriff asserts in his motion to dismiss the appeal that Bonser's points are deficient and preserve nothing for appellate review. We agree.

Neither point complies with the requirements of Rule 84.04(d)(1). This rule provides:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in

---

1. While Bonser appears pro se, we must hold him to the same standard with respect to this proceeding as a party represented by a licensed attorney. *Maroney v. Maroney*, 953 S.W.2d 644, 645 (Mo.App.1997).

[*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

In both points, Bonser only identifies the trial court ruling which he challenges. He does not state concisely the legal reasons for his claim of reversible error nor does he explain in summary fashion why, in the context of the case, those legal reasons support his claim of reversible error. In other words, he ignores requirements (B) and (C) of the rule.

"The requirements of Rule 84.04(d) are mandatory." *Simmons v. Lawrence County Jail*, 948 S.W.2d 242, 244 (Mo.App. 1997). Points on appeal failing to comply with Rule 84.04(d) preserve nothing for appellate review. *In Interest of S.J.G.*, 871 S.W.2d 638, 641 (Mo.App.1994).

If we attempt to interpret Bonser's points as stated, this Court will be forced to act as an advocate for him, which we cannot do. *Myrick v. Eastern Broadcasting, Inc.*, 970 S.W.2d 885, 886 (Mo.App. 1998). The purpose of the points relied on briefing rule is to inform the appellate court of the issues presented for review and to give notice to the opposing party of the precise questions which must be decided. *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997). Bonser's points do not inform this Court or the Sheriff why the numerous cited statutory provisions, in the context of this case, support his claims of reversible error. Thus, we could decide this case only by speculating on the precise questions which Bonser attempts to present. We do not speculate on arguments that have not been made. *Myrick*, 970 S.W.2d at 886.

Bonser's deficient points fall far short of compliance with Rule 84.04(d). We are not obliged to review his claims of error under these circumstances.

The appeal is dismissed.

GARRISON, J., and BARNEY, J., concur.