**Mike Lee PETERSEN, Respondent,**

v.

**Mary Bryan Petersen COOK, Appellant.**

**No. 24619.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 14, 2003.

---

Wayne Gifford, Waynesville, for Appellant.

James R. Sharp, Sharp & Bredesen, Springfield, for Respondent.

PER CURIAM.

Appellant, Mary Bryan Petersen Cook, appeals from the judgment of the Circuit Court of Pulaski County entered on October 29, 2001, modifying that court's decree

of dissolution of marriage previously entered on July 15, 1994.

Appellant raises five points of error challenging the trial court's award of legal custody, child support, and attorney's fees to Respondent, Mike L. Petersen, and the court's finding of contempt against Appellant. Respondent has filed a Motion to Dismiss Appeal based on purported deficiencies in Appellant's brief which Respondent contends are contrary to the requirements of Rule 84.04.[1] We now take up and sustain Respondent's motion and dismiss Appellant's appeal on the basis that Appellant's brief fails to comply with Rule 84.04.

We initially observe that Appellant's Statement of Facts is not a fair and concise statement of the facts relevant to the questions presented for determination. *See* Rule 84.04(c). "[R]ule 84.04(c) provides that the statement of facts in an appellant's brief 'shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument.'" *Lamar Adver. of Mo., Inc. v. McDonald,* 19 S.W.3d 743, 745 (Mo.App. 2000) (quoting *Carroll v. AAA Bail Bonds,* 6 S.W.3d 215, 217 (Mo.App.1999)).

■ Here, Appellant has raised points of error relating to the parties' assets, finances and marital debts, together with issues relating to child support, attorney fees, contempt and the parties' parenting plan in relation to the trial court's judgment. While each case merits its own independent consideration relative to content and the length of the Statement of Facts contained in a litigant's brief, in the instant matter we note that Appellant's Statement of Facts is but a mere one and one-fourth pages in length and is inadequate to assist this Court in reviewing Appellant's contentions of error. Rule 84.04(c) serves to define the scope of the controversy and serves to afford a reviewing court an immediate, accurate, complete and unbiased understanding of the facts of this case. *Perkel v. Stringfellow,* 19 S.W.3d 141, 146 (Mo.App.2000); *see Chopin v. American Auto. Ass'n,* 969 S.W.2d 248, 251 (Mo.App.1998); *see also Kent v. Charlie Chicken, II, Inc.,* 972 S.W.2d 513, 515 (Mo.App.1998). It is our view that Appellant's Statement of Facts is inadequate, fails to provide an understanding of the case, and is deficient. *Perkel,* 19 S.W.3d at 146. "'Such a violation of Rule 84.04 constitutes grounds for the dismissal of [Appellant's] appeal, although we hesitate to dismiss an appeal for this reason alone.'" *Brady v. Rossotti,* 80 S.W.3d 927, 929 (Mo.App.2002) (quoting *Myrick v. Eastern Broad., Inc.,* 970 S.W.2d 885 (Mo. App.1998)).

■ Unfortunately, Appellant's brief also suffers from additional procedural maladies, specifically relating to Rule 84.04(d).

'Rule 84.04(d) mandates that a point relied on must "identify the trial court ruling or action that the appellant challenges; ... state concisely the legal reasons for the appellant's claim of reversible error; and ... *explain in summary fashion, why, in the context of the case,* those legal reasons support the claim of reversible error."'

*Brady,* 80 S.W.3d at 929 (quoting *Estate of Phillips v. Matney,* 40 S.W.3d 15, 18 (Mo. App.2001)).

■ Appellant's Point One reads as follows:

The court erred in entering a parenting plan that is inconsistent with, and contrary to, the judgment and decree of

1. All Rule references are to Missouri Court Rules (2002).

modification and the agreement of the parties.

Here, Appellant's point is simply an abstract statement of the law, and abstract statements of law, standing alone, do not comply with Rule 84.04(d)(4). *Carroll*, 6 S.W.3d at 218. Additionally, Appellant has failed to summarize the evidence that support's Appellant's claim. Rule 84.04(d)(1)(C). As a general rule, it is not enough for a point relied on to simply state that the trial court was wrong without alluding to some evidence or testimony that gives support to such a conclusion. *Brady*, 80 S.W.3d at 930.

■ In Point Two, Appellant sets out:

The court erred in awarding child support to respondent, or alternatively, for not giving Appellant an offsetting credit, because Respondent should have been equitably estopped from requesting child support because the original dissolution proceeding clearly showed that Respondent waived child support in consideration of the Appellant taking substantially all the marital debt and it is inequitable to allow Respondent to have the 'benefit of the bargain' and then not be held to the bargain.

Point Two also fails to summarize the evidence that supports Appellant's claim of trial court error. *Brady*, 80 S.W.3d at 930; *see also Zakibe v. Ahrens & McCarron, Inc.*, 28 S.W.3d 373, 389 (Mo.App. 2000). "It is not our duty or responsibility to spend judicial time searching through the argument portions of briefs in an attempt to interpret the thrust of [Appellant's] contentions." *Carroll*, 6 S.W.3d at 218.

■ Additionally, Appellant's remaining three points have similar failings. " 'An insufficient point relied on in an appellant's brief preserves nothing for appellate review and constitutes grounds for dismissal.' " *Brady*, 80 S.W.3d at 930 (quoting *Phillips*, 40 S.W.3d at 18). " '[C]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.' " *Franklin v. Ventura*, 32 S.W.3d 801, 803 (Mo.App.2000) (quoting *Myrick*, 970 S.W.2d at 886).

'Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.'

*Id.* (quoting *Myrick*, 970 S.W.2d at 886).

■ " 'A failure to substantially comply with Rule 84.04 preserves nothing for appellate review.' " *Brady*, 80 S.W.3d at 930 (quoting *Christomos v. Holiday Inn Branson*, 26 S.W.3d 485, 487 (Mo.App.2000)). Accordingly, Respondent's Motion to Dismiss is sustained. Appellant's appeal is dismissed.