**STATE of Missouri, ex rel., M.A.F. by next friend Connie Sue BONE, Plaintiffs–Appellants,**

v.

**Edward SHELTON, Defendant–Respondent.**

**No. 61056.**

Missouri Court of Appeals, Eastern District, Division Two.

May 19, 1992.

Richard Goldstein, Cape Girardeau, for plaintiffs-appellants.

Floyd T. Norrick, Thurman, Howald, Weber, Bowles & Senkel, Hillsboro, for defendant-respondent.

CRANDALL, Judge.

Plaintiffs, State ex rel. Division of Family Services, and M.A.F., by next friend, Connie Sue Bone, appeal from the order of the trial court dismissing with prejudice a petition for declaration of paternity and order of support filed against defendant, Edward Shelton, the putative father. We reverse and remand.

The record reveals that on October 19, 1987, the State of Kansas brought an action in Washington County, Missouri, under the Uniform Reciprocal Enforcement of Support Law (Uniform Support Law). The purpose of the Uniform Support Law is to "improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." § 454.010, RSMo (1986). The Kansas petition in which M.A.F.'s mother, Connie Sue Bone, was the named plaintiff, sought, *inter alia*, the establishment of paternity. Defendant filed an answer denying paternity. On March 13, 1989, the prosecuting attorney of Washington County, Missouri, voluntarily dismissed the petition with prejudice, with costs charged to Kansas. On August 29, 1989, the Missouri Division of Family Services filed a motion to set aside the dismissal. That motion was denied on September 11, 1989 and was not appealed.

Thereafter, on September 27, 1989, a petition was filed against defendant in Missouri under the Uniform Parentage Act. *See* §§ 210.817 to 210.852, RSMo (Cum. Supp.1991). The named plaintiffs were M.A.F., a minor child by next friend, Connie Sue Bone; Connie Sue Bone, individually; and State ex rel Division of Family Services. *See* § 210.830. The petition sought an order establishing paternity and expenses associated with the birth and maintenance of M.A.F. as well as payments made by Missouri for the support of M.A.F. In January 1990, defendant filed a motion to dismiss, claiming as his sole ground that the prior dismissal with prejudice barred the present action by reason of the doctrines of res judicata and collateral estoppel. On October 3, 1991, the trial court granted that motion. Thereafter, this appeal was filed.[1]

---

1. In a footnote in his brief, defendant asserts that the claims made by, or on behalf of, plaintiff-mother, Connie Bone, are not part of this appeal. Because she is not a named party to the

◼

The sole issue on appeal is whether the trial court properly granted defendant's motion on the basis of the res judicata or the collateral estoppel effect of the prior Kansas action. Res judicata (claim preclusion) precludes the same parties or those in privity from relitigating the same cause of action, whereas collateral estoppel (issue preclusion) precludes the same parties or those in privity from relitigating issues which have been litigated previously. *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719 (Mo. banc 1979). The common feature between the doctrines of res judicata and collateral estoppel is that there must be a final judgment rendered upon the merits. *Barkley v. Carter County State Bank*, 791 S.W.2d 906, 910 (Mo. App.1990) (citing *Schmitt v. Pierce*, 379 S.W.2d 548 (Mo.1964)); *Peoples–Home Life Ins. Co. v. Haake*, 604 S.W.2d 1, 8 (Mo.App. 1980).

Defendant argues that the dismissal with prejudice of the prior action was an adjudication upon the merits. Rule 67.03 provides that a dismissal with prejudice bars the assertion of the same cause of action against the same party. A dismissal with prejudice, however, serves only as a mechanism for the termination of litigation, rather than an adjudication of the issues involved in the suit. *Denny v. Mathieu*, 452 S.W.2d 114, 118 (Mo. banc 1970).

Here, the dismissal by the prosecuting attorney of the prior action did not resolve the issues on the merits. Therefore, the doctrines of collateral estoppel and res judicata do not operate as a bar to the present action.

In addition, the purpose of the Uniform Support Law is essentially to collect payment of support. That statute provides for the adjudication of paternity under limited circumstances. Section 454.200.3, RSMo (1986) sets forth the circumstances which trigger the court's determination of paternity:

> If the obligor asserts as a defense that he is not the father of the child for whom support is sought and it appears to the court that the defense is not frivolous, and, if both of the parties are present at the hearing or the proof required in the case indicates that the presence of either or both of the parties is not necessary, the court may adjudicate the paternity issue; otherwise, the court may adjourn the hearing until the paternity issue has been adjudicated.

The statutory requirements for the determination of paternity were not followed in the instant action. Certainly, dismissal of a petition cannot act to circumvent the procedural safeguards of the statute relating to the adjudication of the issue of paternity.

We therefore hold that the trial court erred in granting defendant's motion to dismiss on the grounds of res judicata and collateral estoppel. Because the issue is not before us, we express no opinion as to whether relitigation of the child support owed to Kansas and to the mother up to the point of the dismissal of the original action may be barred by the dismissal of that petition by the prosecuting attorney or by failure of the mother to perfect an appeal in the present case.

The order of the trial court is reversed and the cause is remanded.

GRIMM, P.J., and REINHARD, J., concur.

---

appeal on the notice of appeal and because no claim of error was raised with regard to her status either in the court below or on appeal, we

decline to address that issue because it is not before us.