**v.**

**STATE of Missouri (State Highway Patrol), Appellant.**

**No. 72487.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 31, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for appellant.

Alan G. Kimbrell, St. Louis, for respondents.

AHRENS, Presiding Judge.

In this court tried case, plaintiffs, B.S. and P.S., filed a petition requesting the trial court direct defendant, the Missouri State Highway Patrol, not to release plaintiffs' criminal records concerning 1977 guilty pleas to the Missouri Gaming Commission. The trial court entered judgment in favor of plaintiffs and directed the Highway Patrol to "show plaintiffs' records as closed and inform the Missouri Gaming Commission that neither B.S. or P.S. has a felony conviction". The State of Missouri appeals, contending the trial court erroneously applied the law in directing the Highway Patrol not to provide the Gaming Commission with plaintiffs' criminal records. We reverse and remand with instructions to dismiss plaintiffs' cause of action.

■ Although neither party addressed the issue, we must consider *sua sponte* whether the trial court had subject matter jurisdiction over plaintiffs' action. *State ex. rel. Mathewson v. Bd. of Election,* 841 S.W.2d 633, 634 (Mo. banc 1992). Pursuant to Article V, section 14(a) of the Missouri Constitution, circuit courts have subject matter jurisdiction over all cases and matters, civil and criminal. However, similar to Article III, section 2 of the Federal Constitution,

Article V, section 14(a) requires a case to be justiciable in order for the trial court to have subject matter jurisdiction over it. *Harrison v. Monroe County,* 716 S.W.2d 263, 265–66 (Mo. banc 1986). Thus, circuit courts do not have subject matter jurisdiction under Article V, section 14(a) to adjudicate cases that are not justiciable due to mootness. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, ——–——, 117 S.Ct. 1055, 1068–69, 137 L.Ed.2d 170 (1997).

■ A cause of action is moot if the relief requested would not have any practical effect upon any existing controversy between the parties. *Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487 (Mo. banc 1984). Here, plaintiffs filed their first amended petition against the Highway Patrol in April 1997. In their petition, plaintiffs alleged that they had applied to the Missouri Gaming Commission for Level 2 occupational licenses. The petition further alleged that the Highway Patrol had provided the Gaming Commission with each of the plaintiffs' "Criminal History Records" during background checks. Plaintiffs also alleged that this disclosure was improper because it was in contravention of the plea agreements reached between plaintiffs and the St. Louis County Prosecutor's Office in 1977.

In order to remedy this allegedly improper disclosure, plaintiffs requested an order from the trial court directing the Highway Patrol not to disclose the contents of plaintiffs' criminal records to the Gaming Commission. However, by the time plaintiffs filed their petition, the Highway Patrol had already disclosed the contents of plaintiffs' criminal records to the Gaming Commission. Because the Highway Patrol had already released the information to the Gaming Commission, directing the Highway Patrol not to release the information to the Gaming Commission would not have had any practical effect upon the dispute.[1] Therefore, plaintiffs' cause of action was moot.

Because plaintiffs' cause of action was moot, it was not justiciable and the trial court

---

1. We note that plaintiffs did not seek an order against the Gaming Commission prohibiting it from using the records.

did not have subject matter jurisdiction over it. Accordingly, the only power the trial court had in this matter was to dismiss plaintiffs' cause of action. *Collins & Associates v. Labor & Industrial Relations Comm.,* 724 S.W.2d 243, 244–45 (Mo. banc 1987).

The judgment of the trial court is reversed and the cause remanded with instructions to dismiss plaintiffs' cause of action.

CRANDALL and KAROHL, JJ., concur.