**ROBIN FARMS, INC., Appellant,**

v.

**Keith BEELER, et al., Respondents.**

**No. WD 56087.**

Missouri Court of Appeals,
Western District.

May 4, 1999.

Robert W. Wheeler, Keytesville, for Appellant.

Corey K. Herron, Trenton, for Respondents.

Before: SPINDEN, P.J., and EDWIN H. SMITH and RIEDERER, JJ.

EDWIN H. SMITH, Judge.

Robin Farms, Inc. (Robin Farms), appeals from the judgment of the circuit court dismissing, with prejudice, its claims for conversion and *quantum meruit* against the respondents, Keith and Joan Beeler,[1] as being barred by *res judicata* or collateral estoppel. The trial court found that Robin Farms's claims were barred by reason of a final judgment entered in the Circuit Court of Linn County in the case of *John Fay, et al. v. David Bartholome, et al.* (the Linn County case). Robin Farms also appeals from the judgment imposing, *sua sponte*, sanctions against it and its attorney for violating Rule 55.03(b).[2]

Robin Farms raises two points on appeal. In Point I, it challenges the dismissal of its claims for conversion and *quantum meruit*, and in Point II, it challenges the imposition of sanctions.

We reverse and remand.

### Facts

Cy and Doris Riddell and Margaret and Leslie Sensintaffar owned a farm located in Linn County, Missouri, which consisted of approximately 167 acres. On or about February 27, 1985, the Riddells and the Sensintaffars leased their farm to Harlow Fay, Inc. (Harlow Fay), for a term commencing March 1, 1985, and expiring December 31, 1985, and for successive annual terms thereafter, unless either party, prior to the expiration of the original term or any subsequent terms, served written notice of an intent to terminate the lease at least sixty days prior to the expiration of the current term. The lease further provided that Harlow Fay, whose corporate president was John Fay, could not sublet or assign the lease without the owners' express written consent and that if it did, the owners had the right to re-enter and take immediate possession of the farm. Sometime thereafter, the Sensintaffars' interest in the farm passed to David and Mary Bartholome.

Sometime in 1986, Harlow Fay assigned its lease to Robin Farms, whose corporate president was also John Fay, without asking for or receiving the owners' express written consent. Neither Harlow Fay nor Robin Farms informed the owners of the assignment. Thereafter, Robin Farms sublet the house located on the farm to Steven and Linda Fay.

---

1. The record reflects that Robin Farms filed a motion to amend its petition to substitute Beeler Farms, Inc., for Keith and Joan Beeler, with the proposed amended petition attached. In a docket entry, the trial court granted Robin Farms leave to amend. Nonetheless, thereafter, the parties and the trial court continued to refer to the Beelers, not Beeler Farms, Inc., as the defendants. Further, in Robin Farms's notice of appeal, the Beelers, as well as Beeler Farms, Inc., were listed as respondents. Regardless of the confusion as to the proper denomination of the parties, it does not affect our disposition of the appeal.

2. All rule references are to the Missouri Rules of Civil Procedure, unless otherwise indicated.

In February of 1996, the owners contacted real estate agent Bob Peterson for assistance in selling the farm. On February 23, 1996, they entered into a real estate contract to sell the farm to Beeler Farms, Inc. (Beeler Farms), whose corporate president was Keith Beeler. As a result, on June 26 and again on July 10, 1996, the owners sent written notice of their intent to terminate the farm lease as of December 31, 1996, to Harlow Fay, John Fay, Steven Fay, and Ellis Burns, the trustee of the Stockwell Land Trusts. In October and November 1996, Robin Farms planted a wheat crop on the farm.

## Procedural History

Harlow Fay, Robin Farms, John and Karen Fay, and Steven and Linda Fay, as plaintiffs, filed a four-count petition in the Circuit Court of Linn County against the owners, Bob Peterson, and Keith Beeler seeking: (1) the specific performance of an alleged oral contract for the sale of the farm to Robin Farms; (2) damages for *quantum meruit* for bulldozer and terracing work; (3) damages for the defendants' alleged tortious interference with Robin Farms's farming business; and (4) damages for the owners' wrongful eviction of Steven and Linda Fay from the house located on the farm. The owners filed a counterclaim for ejectment against the plaintiffs alleging that: (1) they were the owners of the farm; (2) Robin Farms was in actual possession of the farm; and (3) Harlow Fay had assigned its lease to Robin Farms without their express written consent, in violation of the lease, resulting in neither having a legal right to possession of the farm. Thereafter, the owners filed a motion for summary judgment on all four counts of the plaintiffs' petition and on their counterclaim for ejectment. On April 22, 1997, the trial court sustained the owners' motion as to the plaintiffs' Counts III and IV and on their counterclaim for ejectment. Accordingly, on April 28, 1997, the trial court issued a writ for possession of the farm by the owners, but not the house, in which Steven and Linda Fay continued to reside.

After the trial court's ejectment of Robin Farms, the owners entered into a sharecropping agreement with Beeler Farms. It took the possession of the farm. In June 1997, Beeler Farms harvested the wheat crop that had been planted the previous October and November by Robin Farms, but did not turn over the proceeds to Robin Farms.

On November 10, 1997, Robin Farms filed a two-count petition in the Circuit Court of Chariton County, Missouri, against the Beelers, the respondents in this case, for conversion as to the wheat crop it had planted and, in the alternative, for *quantum meruit* for the reasonable value of the labor performed and the materials furnished by it in the planting of the wheat crop. On December 16, 1997, the respondents filed their answer to Robin Farms's petition and pled the affirmative defenses of *res judicata* and collateral estoppel, alleging that the claims could, and should, have been brought in the Linn County case and that the issue regarding its right to possession of the farm had been litigated in that case. On that same date, the respondents also filed a motion to dismiss Robin Farms's petition or, in the alternative, a motion for summary judgment on both counts. On December 19, 1997, the respondents filed a second motion to dismiss, again asserting that *res judicata* and collateral estoppel barred the claims.

In the Linn County case, the trial court held a trial on the plaintiffs' remaining counts on December 19, 1997, and found in favor of the owners. The court entered its judgment on February 2, 1998. The judgment in the Linn County case as to the owners' ejectment claim was appealed, *inter alia*, by Robin Farms to this court in WD 55605 (consolidated with WD 55709). There, this court found that the trial court erred in granting the owners' motion for summary judgment on their claim for ejectment in that there was a genuine

factual dispute as to whether Robin Farms was entitled to possession of the farm, a material fact upon which the owners relied for summary judgment, requiring reversal of the trial court's judgment as to the ejectment claim. As a consequence, the case was remanded to the trial court for further proceedings on that claim.

In this case, on March 2, 1998, Robin Farms filed a motion to amend its petition to substitute Beeler Farms for Keith and Joan Beeler, alleging that it had learned that Beeler Farms was the correct defendant. In a docket entry on April 14, 1998, the trial court granted Robin Farms leave to amend.

On April 14, 1998, the court heard the respondents' motion to dismiss. After hearing argument of counsel, the trial court continued the hearing to May 26, 1998, in order to allow the parties time to further brief the issues presented in the motion and to brief the issue of whether sanctions should be imposed against Robin Farms for filing a frivolous lawsuit. On May 26, 1998, the court heard evidence and argument of counsel, after which it entered an "interlocutory judgement" finding that Robin Farms's claims against the respondents were barred by *res judicata* and collateral estoppel. The court further found that, because its claims were barred by *res judicata* and collateral estoppel, they were presented frivolously and in bad faith and entered sanctions against Robin Farms in the amount of the reasonable expenses incurred by the respondents in defending the case and against Robert Wheeler, its attorney, in the amount of $500. On June 3, 1998, the trial court entered a final judgment as to its May 26 th rulings.

This appeal follows.

## I.

■ In Point I, Robin Farms claims that the trial court erred by misapplying the law in dismissing, with prejudice, its claims for conversion and *quantum meruit* as being barred by *res judicata* and collat-

eral estoppel, pursuant to the judgment in the Linn County case, because these doctrines did not apply. Specifically, it claims that *res judicata* did not apply in that there was no identity of the cause of action or parties to the action between this case and the Linn County case. As to collateral estoppel, it claims that it did not apply in that the issues decided in the Linn County case were not identical to the issues presented in this case.

■ The doctrine of *res judicata*, commonly referred to as claim preclusion, operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them. *Jordan v. Kansas City*, 929 S.W.2d 882, 885 (Mo.App.1996). The doctrine of collateral estoppel, commonly known as issue preclusion, precludes the same parties from relitigating issues previously adjudicated between the same parties or those in privity with them. *Finley v. St. John's Mercy Med. Ctr.*, 958 S.W.2d 593, 595 (Mo. App.1998). For either doctrine to apply, a final judgment on the merits must have been rendered involving the same claim or issue sought to be precluded in the cause in question. *Jordan*, 929 S.W.2d at 885; *Walker v. Walker*, 954 S.W.2d 425, 427 (Mo.App.1997); *State ex rel. M.A.F. by Bone v. Shelton*, 832 S.W.2d 4, 6 (Mo.App. 1992). Here, even assuming that all other required elements of *res judicata* and collateral estoppel could be satisfied, we find that these doctrines did not apply because a final judgment on the merits was not rendered in the Linn County case involving the claims or issues sought to be precluded by the respondents.

In contending that the trial court was correct in dismissing Robin Farms's petition based on the application of the doctrines of *res judicata* and collateral estoppel, the respondents rely on the judgment entered in the Linn County case in favor of the owners of the farm and against Robin Farms as to their ejectment claim,

wherein the issue of who had a right to possession of the farm was litigated. The judgment as to this claim was appealed, *inter alia,* by Robin Farms to this court in WD 55605 (consolidated with WD 55709). There, this court found that the trial court erred in granting the owners' motion for summary judgment on their claim for ejectment in that there was a genuine factual dispute as to whether Robin Farms was entitled to possession of the farm, a material fact upon which the movants relied for summary judgment, requiring reversal of the trial court's judgment as to the ejectment claim. As a consequence, the case was remanded to the trial court for further proceedings on that claim only.

■ In *State v. Nunley,* 923 S.W.2d 911 (Mo. *banc* 1996), the Missouri Supreme Court held that "[w]hen an appellate court vacates a judgment, the lower court's judgment cannot be considered a final judgment on the merits for purposes of collateral estoppel." *Id.* at 922. And, although *Nunley* dealt only with collateral estoppel, not *res judicata,* we believe that its holding is equally applicable to *res judicata* in as much as both doctrines require a final judgment on the merits. *Jordan,* 929 S.W.2d at 885; *Walker,* 954 S.W.2d at 427. Thus, because we reversed that part of the judgment in the Linn County case as to the ejectment claim, it cannot be considered a final judgment on the merits for purposes of *res judicata* as to Robin Farms's claims for conversion and *quantum meruit* and, for purposes of collateral estoppel, as to the issue of its right to possession of the farm. As such, a final judgment was not rendered involving the claims or issue sought to be precluded by the respondents in this case such that *res judicata* and collateral estoppel do not apply, and the trial court erred in dismissing, with prejudice, Robin Farms's claims.

## II.

In Point II, Robin Farms claims that the trial court erred in imposing, *sua sponte,*

sanctions against it and its attorney pursuant to § 514.205 [3] and Rule 55.03(c)(1)(B) because the court abused its discretion in doing so in that Robin Farms's claims were not presented or maintained for any improper purpose and the trial court failed to describe Robin Farms's and its attorney's conduct, which was a violation of the rule.

■ We will affirm a trial court's decision to impose sanctions pursuant to § 514.205 and Rule 55.03(c), unless the court abused its discretion in doing so. *In re Marriage of W.E.F. v. C.J.F.,* 793 S.W.2d 446, 454 (Mo.App.1990); *State v. Gardner,* 932 S.W.2d 858, 862 (Mo.App. 1996). An abuse of discretion occurs when the court's order " 'is clearly against the logic of [the] circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.' " *Markovitz v. Markovitz,* 945 S.W.2d 598, 599 (Mo.App.1997) (*quoting Staples v. Staples,* 895 S.W.2d 265, 266 (Mo.App.1995)).

■ Here, the trial court found that Robin Farms's claims were initiated frivolously and brought in bad faith in violation of § 514.205 and Rule 55.03(b) on the basis that they were barred by *res judicata* and collateral estoppel. We agree that if a party's claims are initiated frivolously or brought in bad faith, the trial court has the discretion to impose sanctions as a deterrent to similar conduct in the future and to recompense the other party. *Gardner,* 932 S.W.2d at 861. It goes without saying, however, that having determined in Point I, *supra,* that Robin Farms's claims were not barred by *res judicata* or collateral estoppel, sanctions were not appropriate and the trial court erred in imposing them.

## Conclusion

The judgment of the circuit court dismissing Robin Farms's claims for conversion and *quantum meruit,* with prejudice,

---

3. All statutory references are to RSMo 1994, unless otherwise indicated.

and imposing sanctions on Robin Farms and its attorney is reversed and the cause remanded for the circuit court to reinstate the appellant's petition and for further proceedings consistent with this opinion.

All concur.