Patrick P. BOTHE, Jr., Respondent,

v.

Marlo Denise BOTHE, Appellant.

No. ED 90491.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 7, 2008.

---

**1.** All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

Donald E. Heck, Chesterfield, MO, for appellant.

Patrick P. Bothe, Jr., Affton, MO, pro se.

ROY L. RICHTER, Presiding Judge.

Marlo Denise Bothe ("Mother") appeals the trial court's judgments denying her motions to set aside the default judgment entered against her, and also the trial court's monetary awards against her and in favor of Patrick Bothe, Jr. ("Father"). We reverse.

## I. BACKGROUND

Father[1] and Mother were married in 1992, and two minor children were born of the marriage. Father filed a petition for dissolution of the marriage in June 2007. Mother did not file an answer and Father obtained a default judgment against her on August 24, 2007. At the default hearing, Father testified to Mother's past and current drug use and lack of a stable home. The trial court granted Father all the relief requested in his petition and adopted Father's Parenting Plan without alteration. The Parenting Plan awards Father sole legal and sole physical custody of the two minor children, and awards Mother supervised visitation not to exceed 4 hours each weekend.[2] The trial court also ordered Mother to pay child support and granted

---

1. We note at the outset that Father did not file a respondent's brief.

2. The Parenting Plan also provides for weekday visits for Mother "at such time as can be arranged with an appropriate supervisor."

Father's request to restore Mother's maiden name.[3]

Mother received notice of the default judgment and its terms on September 5, 2007 and filed a Verified Motion to Set Aside the Default Judgment ("First Motion") on September 11, 2007. First Motion did not cite to any applicable rule of civil procedure as authority for setting aside the default judgment. At the September 20, 2007 hearing on Mother's First Motion ("First Motion Hearing"), the trial court did not allow an evidentiary hearing on the record but rather heard only off-the-record arguments by counsel. The trial court subsequently denied Mother's First Motion on the basis that Mother had failed "to state good and meritorious defense." The trial court also granted Father's oral motion for attorney's fees, and ordered Mother to pay Father $200.

The day after First Motion Hearing and the trial court's denial of First Motion, Mother filed a Second Verified Motion to Set Aside the Default Judgment ("Second Motion") pursuant to Rules 74.05(d) and 75.01. Mother expounded upon her claims in First Motion, and more fully set forth her reasons for good cause and a meritorious defense. She also attached an affidavit and several email exchanges between Father and her. In response, Father filed a motion to strike and a motion for sanctions alleging that res judicata barred Mother's Second Motion and that Mother had filed false pleadings with the court. After a hearing on Second Motion on Octo-ber 19, 2007 ("Second Motion Hearing") in which the trial court only heard off-the-record arguments from counsel, the court denied Second Motion and granted Father's motion for sanctions. The court then ordered Mother to pay Father $500 in sanctions. Mother appeals.[4]

## II. DISCUSSION

■ In her first point on appeal, Mother claims that the trial court erred in denying First Motion.[5] We agree.

■ A trial court has wide discretion to set aside default judgments, and the trial court's judgment will not be interfered with absent an abuse of discretion. *In re Marriage of Macomb*, 169 S.W.3d 191, 193 (Mo.App. S.D.2005). However, the trial court is afforded greater discretion in granting a motion to aside a default judgment than it is in denying such a motion. *Dozier v. Dozier*, 222 S.W.3d 308, 311 (Mo.App. W.D.2007). "This discretion is even more restrictive in divorce actions," because of the state's interest in the welfare of the parties. *Id.* Furthermore, when child custody is concerned, "the welfare of the child becomes paramount and the trial court's discretion is more narrowly bounded." *Id.* "Default judgments in custody cases are strongly disfavored." *Id.*

While First Motion did not cite to any rule of civil procedure for setting aside the default judgment, point one of Mother's brief relies on Rules 74.06(b), 75.01 and 78.01.[6] Because Mother filed First Motion

---

**3.** Father's dissolution petition did not seek restoration of Mother's maiden name.

**4.** This court has reviewed Father's motions taken with the case. Father's Motion to Dismiss Appeal or, in the alternative, To Strike Appellant's Brief is denied.

**5.** Mother's first point relied on appears to argue that the trial court erred both in deny-ing First Motion and in denying her an evidentiary hearing on First Motion. Because we find that the trial court erred in denying Mother's First Motion, we need not reach the issue of whether or not she was entitled to an evidentiary hearing.

**6.** Mother's failure to cite to a specific rule of civil procedure in First Motion does not preclude judicial review of the motion. "Refus-

within 30 days of the trial court entering default judgment, we review pursuant to Rule 75.01.[7] *See Young v. Safe–Ride Services*, 23 S.W.3d 730, 732 (Mo.App. W.D. 2000) (stating that, although there was a dispute between the parties as to whether 74.05 or 75.01 applied, because Safe–Ride's motion to set aside the default judgment was filed within 30 days of judgment, "it would seem that Rule 75.01 would apply"); *Meramec Valley Bank v. Joel Bianco Kawasaki Plus, Inc.*, 14 S.W.3d 684, 689 (Mo. App. E.D.2000) (applying Rule 75.01, even though the defendants' motion to set aside the default judgment relied on Rules 78.01, 74.05 and 75.01, because the defendants filed the motion within 30 days of judgment, and because Rule 75.01 provides the least stringent standard for setting aside a default judgment).[8]

Rule 75.01 provides that the trial court retains control over its judgments during the 30–day period after judgment is entered, and may, after giving the parties an opportunity to be heard, and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Mo. R. Civ. P. 75.01. Good cause is a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. *Meramec*, 14 S.W.3d at 689. Rule

75.01 "sometimes looks to the whole case, not merely the actions of the defendant," and its good cause requirement is interpreted liberally in order to avoid manifest injustice. *Cowger v. Livingston*, 182 S.W.3d 783, 788 (Mo.App. W.D.2006).

In First Motion, Mother alleged that her discussions with Father reasonably led her to believe that they would settle the case and that she did not need to retain an attorney. Furthermore, Mother filed First Motion on September 11, 2007, approximately 6 days after she received notice of the default judgment against her. This evidence shows that Mother's failure to respond to Father's dissolution petition was not intentionally or recklessly designed to impede the judicial process. *See Brueggemann v. Elbert*, 948 S.W.2d 212, 214 (Mo.App. E.D.1997) (holding that the trial court abused its discretion in refusing to set aside a default judgment because attorney's failure to appear for trial was due to an innocent error and not intentionally or recklessly designed to impede the judicial process).

As noted, this case involves the custody of the parties' two minor children. While Father's Parenting Plan allows Mother

---

ing to consider the allegations of a motion solely because the motion fails to cite the specific rule under which it is authorized ... exalts form over substance." *Blue Ridge Bank & Trust Co. v. Hart*, 152 S.W.3d 420, 425 (Mo.App. W.D.2005). *See also, Comstock v. Comstock*, 91 S.W.3d 174, 176 (Mo.App. W.D.2002) (reviewing the issue of whether the trial court abused its discretion in denying Wife's motion to set aside the default judgment, even though Wife only raised issues directed at the merits).

7. At oral argument, Mother's counsel stated that he told the trial court at the September 20 hearing that he filed First Motion pursuant to Rule 75.01.

8. The language of trial court's "Order & Judgment" denying Mother's First Motion indi-

cates that the trial court viewed First Motion as a motion to set aside a default judgment pursuant to Rule 74.05(d). While we find that the case law and point one of Mother's brief require us to proceed under Rule 75.01, it is immaterial for purposes of this appeal, because we find that First Motion also satisfies the 74.05 standard of good cause and a meritorious defense. *See Reed v. Reed*, 48 S.W.3d 634, 641 (Mo.App. W.D.2001) (stating that, in a dissolution action, the party attempting to set aside may satisfy the meritorious defense requirement by indicating the desire to present evidentiary matters to the trial court that would properly be considered and could have materially affected the trial court's judgment on those issues).

only 4 hours per weekend of supervised visitation, Father's testimony at the default hearing was the only evidence to support this restrictive custody arrangement. Therefore, because this case involves "the solemn duty to decide the custody of [two minor children]," we are further persuaded that good cause exists. *See In re Marriage of Gormley*, 813 S.W.2d 108, 111 (Mo.App. S.D.1991) (finding good cause for setting aside the default judgment, in part, because child custody was a central issue in the dissolution and because the wife moved immediately to set aside). For the foregoing reasons, we find that the trial court abused its discretion in refusing to set aside the default judgment based on First Motion. Point granted.

Because we find that the trial court erred in denying First Motion, we reverse and remand with directions to the trial court to set aside the default judgment entered against Mother on August 24, 2007. On remand, we direct the trial court to hold an evidentiary hearing on the parties' dissolution wherein the parties are allowed to present all relevant evidence, including that related to the custody of the two minor children and the restoration of Mother's maiden name.

■ In her second point on appeal, Mother contends that the trial court erred in both denying her an evidentiary hearing on Second Motion and in striking Second Motion. Having already decided that the trial court erred in refusing to set aside the default judgment based on First Motion, Mother's second point is now moot.

■ In her third and fourth points, Mother argues that the trial court erred in

granting Father's oral motion for $200 in attorney's fees at First Motion Hearing, and in granting his written motion for $500 in sanctions at Second Motion Hearing.[9] We agree.

■ We first address Mother's argument that the trial court erred in awarding attorney's fees to Father at First Motion Hearing. We review the trial court's decision to grant attorney's fees for an abuse of discretion. *Ethridge v. Ethridge*, 239 S.W.3d 676, 684 (Mo.App. E.D.2007). The party requesting attorney's fees in a dissolution action has the burden of proving his or her entitlement to such an award. *Id.*

■ Section 452.355.1 of the Missouri Revised Statutes allows the trial court to order a party to pay reasonable attorney's fees after considering all relevant factors including the financial resources of the parties, the merits of the case, and the actions of the parties during the pendency of the case. Section 452.355.1 RSMo 2000. The trial court is required to consider all relevant factors, and a statutory award of attorney's fees is based on the inability of one spouse to pay attorney's fees and the ability of the other spouse to pay them. *Minor v. Minor*, 901 S.W.2d 163, 166 (Mo. App. E.D.1995).

■ The evidence here does not support the $200 attorney's fee award when viewed in light of the factors listed in Section 452.355.1. A review of the record reveals scant evidence of the parties' current financial resources. The Form 14 is the most comprehensive assessment of the parties' respective financial standings, and it shows that Father earns significantly more money than Mother. There is no evidence in the record to indicate that

---

**9.** Mother's third point alleges error based on Rule 55.03(c), and her fourth point alleges error based on Section 452.355.1. We find that Section 452.355.1 governs the attorney's fee award at First Motion Hearing, and that

Rule 55.03(c) and Section 514.205 govern the sanctions award at Second Motion Hearing. Since the attorney's fee award occurred first in time, we address it first.

Mother had the financial ability to pay Father's attorney's fees. "An award for attorney's fees is predicated upon a showing of need or inability to prosecute or defend the actions on one's own, and a showing of the ability of the adverse party pay." *In re Marriage of Maupin,* 600 S.W.2d 686, 690 (Mo.App. W.D.1980). As to the actions of the parties during this case, Mother has demonstrated good cause for setting aside the default judgment, and nothing in the record indicates that Mother filed First Motion for any improper purpose.

 Furthermore, attorney's fees are special damages which must be specifically pleaded to be recovered. *Fisher v. Fisher,* 874 S.W.2d 543, 546–47 (Mo.App. W.D.1994). An oral motion for attorney's fees is not automatic grounds for denial, provided the parties are afforded notice and an opportunity to be heard on the issue. *King v. King,* 694 S.W.2d 278, 279 (Mo.App. E.D.1985). Father did not file a written request for attorney's fees, but rather made his motion orally at First Motion Hearing. Mother's brief alleges that she did not know that Father planned to request attorney's fees. "Of significance is whether the party is afforded an adequate notice that a claim is being made and a full opportunity to be heard." *Weston v. Weston,* 882 S.W.2d 337, 342 (Mo. App. S.D.1994). Given these facts, we cannot say that the trial court's award of attorney's fees was supported by competent and substantial evidence. The $200 attorney's fee award is reversed.

 We now address Mother's argument that the trial court erred in granting Father's motion for sanctions at Second Motion Hearing. We will affirm a trial court's decision to impose sanctions pursuant to Rule 55.03(c) or Section 514.205 unless the trial court abused its discretion in doing so.[10] *Robin Farms, Inc. v. Beeler,* 991 S.W.2d 182, 186 (Mo.App. W.D. 1999).

 While the trial court did not cite any authority in granting Father's Motion, we do not believe the sanctions award was justified under either the Rule or the statute. We first address Rule-based sanctions. Rule 55.03(c) permits the trial court to impose sanctions after considering the conduct of parties and counsel. *Id.* Sanctions can either be initiated by a party or on the court's own initiative. Mo. Sup. Ct. R. 55.03(c)(1)(A). When a party moves for sanctions, the Rule requires that "[t]he motion shall not be filed with or presented to the court unless within thirty days after service of the motion, the challenged ... argument is not withdrawn or appropriately corrected." *Id.* The 30–day time limit is designed to conserve judicial resources by allowing the non-moving party to take corrective action on the alleged violation prior to the court's ruling on the motion. *Robin Farms, Inc. v. Bartholome,* 989 S.W.2d 238, 250 (Mo.App. W.D.1999). Filing a motion for sanctions with the court prior to the expiration of the 30–day period leaves the court without authority to rule on the motion. *Weidner v. Amc. Family Mut. Ins. Co.,* 928 S.W.2d 401, 404 (Mo.App. E.D.1996) (dismissing a motion for sanctions for lack of jurisdiction because movant filed the motion with the court the day after serving the motion on the opposing party).

Here, Mother filed Second Motion on September 21, 2007 and Father filed his Motion for Sanctions in the trial court on September 24, 2007, just 3 days later. Thus, Father clearly did not comply with

---

10. Father cited to Rule 55.03(c), Section 514.205 of the Missouri Revised Statutes, and the inherent power of the court to impose sanctions in support of his Motion for Sanctions. Since Father filed a motion for sanctions, it is not necessary to discuss whether the sanction was justified in light of the court's inherent power to impose sanctions.

the Rule's mandatory 30–day time limit, and therefore the trial court was without authority to rule on his Motion. *See Weidner*, 928 S.W.2d at 404.

Likewise, we do not believe the sanction is supportable under the statute, either. Section 514.205 provides for sanctions "for meritless and frivolous lawsuits brought in bad faith." *Perkel v. Stringfellow*, 19 S.W.3d 141, 148 (Mo.App. S.D.2000). Here, Mother hurriedly filed First Motion 6 days after she received notice of the default judgment against her. Mother's brief alleges that she filed Second Motion in order to correct the errors that she believed had resulted in the denial of First Motion. Furthermore, Mother attached to Second Motion both an affidavit explaining her failure to respond to Father's petition, and also pertinent email exchanges with Father. Because we cannot say that Second Motion was a bad faith attempt at vexatious litigation, sanctions were not merited under Section 514.205.[11] The trial court's sanctions award is reversed.

### III. CONCLUSION

The trial court's judgment is reversed and remanded with instructions to set aside the default judgment entered against Mother and to hold an evidentiary hearing on the parties' dissolution. The trial court's First Motion Hearing and Second Motion Hearing monetary awards to Father are also reversed.

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., Concur.

---

**11.** We find no Missouri case wherein a court denied sanctions pursuant to Rule 55.03(c) and granted them based on Section 514.205. *See Robin Farms, Inc. v. Beeler*, 991 S.W.2d 182, 186 (Mo.App. W.D.1999) (reversing the trial court's grant of sanctions pursuant to both 514.205 and 55.03(c)). *Perkel v. Stringfellow*, 19 S.W.3d 141, 148 (Mo.App. S.D. 2000) seems to treat Rule 55.03(c) and Section 514.502 as interchangeable. *Id.* at 150, n. 6 (stating, "[i]n her brief, Respondent cites only to 514.502. *See also* Rule 55.03(c).").