**PEACHTREE APARTMENTS,**
**Respondent,**

v.

**Norman PALLO, Appellant.**

**No. ED 93824.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 2010.

William C. Dunning, St. Louis, MO, for appellant.

Randall J. Reinker, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant, Norman Pallo ("the tenant"), and his counsel appeal from the judgment entered by the Circuit Court of St. Louis County purporting to award attorney's fees to counsel for the plaintiff, Peachtree Apartments ("the landlord"), as a sanction because the tenant filed a motion to quash execution. We conclude that the trial court was without jurisdiction to enter its judgment sanctioning the tenant's counsel because the tenant withdrew his motion as moot before the motion for sanctions was even filed. Thus, the trial court lost jurisdiction to enter any order. Therefore, we remand and order the trial court to vacate its judgment sanctioning the tenant's counsel.

In the principal case, the landlord sued the tenant for rent due and possession of an apartment, which the tenant leased from the landlord. The parties entered a consent judgment on July 28, 2009, whereby they agreed to suspend execution for

possession of the apartment so long as the tenant paid the rent awarded the landlord. The tenant failed to pay the first installment on the agreed date. The parties disputed whether the landlord nonetheless accepted the tenant's first payment two days late, and the effect on the consent judgment. In any event, the landlord sought to execute on the judgment and gain possession of the apartment. The tenant responded by filing a motion to quash execution. On September 1, 2009, apparently having decided to immediately vacate the apartment, the tenant withdrew his motion to quash as moot. The landlord acknowledged the tenant's withdrawal of the motion to quash for mootness, and the trial court ordered the motion withdrawn as moot on that date.

The next day, September 2, 2009, the landlord filed a motion for sanctions with the court, citing Missouri Supreme Court Rule 55.03.[1] The landlord's motion for sanctions alleged that the tenant failed to make timely payment under the terms of the consent judgment, and that he filed a frivolous motion to quash in an attempt to delay execution, thus causing the landlord to incur additional attorney's fees. On October 9, 2009, the trial court found that the tenant's counsel violated Rule 55.03(c)[2] by filing a frivolous motion in an attempt to harass the landlord and to cause unnecessary delay in evicting the tenant. The trial court ordered the tenant's counsel to individually pay the landlord's counsel

$1,000 toward the reasonable attorney's fees incurred by the landlord's counsel in defending against the tenant's motion to quash. This appeal follows.

A motion to quash execution constitutes a special proceeding attacking enforcement of the judgment, and it is independent of the principal cause of action— here, the landlord's suit for rent and possession of the apartment. *Carrow v. Carrow*, 294 S.W.2d 595, 597 (Mo.App.St. L.Dist.1956). In this case, the tenant voluntarily withdrew his motion to quash execution on September 1, 2009. The tenant's withdrawal of his motion to quash is analogous to the voluntary dismissal of a case. Generally, dismissal disposes of the entire case. *State ex rel. McMullin v. Satz*, 759 S.W.2d 839, 840 (Mo. banc 1988). A voluntary dismissal becomes effective on the date it is filed with the court, and once a case is dismissed, it is as if the suit were never brought. *State ex rel. Frets v. Moore*, 291 S.W.3d 805, 812 (Mo.App. S.D. 2009). And once a case is dismissed, the court loses all jurisdiction over it, and may take no further action. *McMullin*, 759 S.W.2d at 840; *Frets*, 291 S.W.3d at 812. Any attempted action on a dismissed case is a nullity. *Id.*

The tenant's withdrawal of his motion to quash execution terminated the special proceedings attacking enforcement of the judgment, just as voluntary dismissal terminates any case. Consequently, the

---

1. All rule references are to Missouri Supreme Court Rules (2009). We consider only sanctions pursuant to Rule 55.03 because the record makes clear that the landlord moved for sanctions and the trial court awarded them under this provision.

2. By presenting and maintaining a claim, defense, request, demand, objection, contention, or argument to the court, an attorney or party certifies that to the best of his or her knowledge, information, and belief, formed after a reasonable inquiry, that the claim or other matter is not presented or maintained for any improper purpose; the legal contentions therein are warranted; the allegations and factual contentions have evidentiary support, or if specifically so identified are likely to have such support after a reasonable opportunity for investigation; and the denials of factual contentions are warranted, or if specifically so identified are reasonably based on a lack of information or belief. Rule 55.03(c).

trial court lost jurisdiction over the case once the tenant withdrew his motion to quash. Thus, the trial court had no jurisdiction thereafter to sanction the tenant's counsel. The trial court's purported judgment, entered 39 days after the case terminated, is a nullity. *Id.*

■ Even if the plaintiff's withdrawal of his motion to quash had not immediately terminated the trial court's jurisdiction, the trial court nonetheless lost jurisdiction because the controversy became moot before the landlord filed its motion for sanctions. The Missouri Constitution confers jurisdiction upon the circuit courts over "cases and matters." Mo. Const. art. V, sec. 14(a). Article V of the Missouri Constitution governs subject-matter jurisdiction, which is the court's authority to render a judgment in a particular category of case. *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 252–53 (Mo. banc 2009). Our Constitution, however, requires a case to be justiciable in order for the circuit court to have subject-matter jurisdiction over it. *B.S. v. State,* 966 S.W.2d 343, 344 (Mo.App. E.D.1998). A circuit court does not have subject-matter jurisdiction under Article V, section 14(a) to adjudicate a case that is not justiciable because it has become moot. *Id.*

The term "moot" means "[h]aving no practical significance; hypothetical or academic." BLACK'S LAW DICTIONARY 1024 (7th ed.1999). When an event occurs that renders a court's decision unnecessary or a grant of effectual relief impossible, the action becomes moot, and the court should generally dismiss it. *Kinsky v. Steiger,* 109 S.W.3d 194, 195 (Mo.App. E.D.2003). Here, the tenant apparently decided to vacate the apartment, and so voluntarily withdrew his motion to quash execution as moot. The landlord acknowledged withdrawal on this basis, and the trial court so ordered. The action became moot because it became unnecessary for the trial court to render a decision on the tenant's motion to quash when the tenant decided to surrender possession of the apartment to the landlord and withdrew his motion. Likewise, a grant of effectual relief on the motion became impossible at that point. Because the motion to quash execution became moot, the case was not justiciable, and the trial court lacked subject-matter jurisdiction over it. *B.S.,* 966 S.W.2d at 344–45.

■ The trial court purported to enter judgment when it no longer had jurisdiction to do so, and consequently the judgment is a nullity.[3] Accordingly, we re-

---

3. As we have held, the trial court lost jurisdiction to enter its judgment of sanction for two distinct, albeit related, reasons. But even if the trial court had jurisdiction to render a valid judgment, the court erred as a matter of law in imposing its sanction under Rule 55.03 for at least two additional reasons.

First, the tenant did not receive notice as commanded by the Rule. Rule 55.03(d) provides that "[i]f after notice and a reasonable opportunity to respond the court finds that Rule 55.03(c) has been violated, the court, subject to the conditions below, may impose an appropriate sanction...." The tenant asserts that he was not served with the landlord's motion thirty days before its filing with the court as required by Rule 55.03(d)(1)(A),

and the landlord does not dispute this. Rule 55.03(d)(1)(A) provides that a motion for sanctions shall be served on the opposing party, and that "[t]he motion shall not be filed with or presented to the court unless, within 30 days after service of the motion, the challenged claim, defense, request, demand, objection, contention, or argument is not withdrawn or appropriately corrected." "Filing a motion for sanctions with the court prior to the expiration of the 30–day period leaves the court without authority to rule on the motion." *Bothe v. Bothe,* 266 S.W.3d 321, 327 (Mo.App. E.D.2008). Furthermore, Rule 55.03(d)(2)(B) provides that the court shall not award monetary sanctions on its own initiative unless it has issued an order to show cause before a voluntary dismissal or settle-

mand with directions to the trial court to vacate its October 9, 2009 judgment sanctioning the tenant's counsel in the amount of $1,000.

GLENN A. NORTON, P.J., and MARY K. HOFF, J., concur.

ment of the claims in question occurs. The court issued no order to show cause in this case.

Second, the tenant withdrew his motion to quash, which cured any purported violation of the Rule by its own terms. Pursuant to the unambiguous language of Rule 55.03(d)(1)(A) recited above, the motion for sanctions should never have been presented to the court. Indeed, here, where the tenant had withdrawn the allegedly frivolous motion to quash before the landlord even filed its motion for sanctions, the landlord should never have filed its motion for sanctions, much less presented it to the court.

Given these multiple grounds for vacating or reversing the judgment of sanction, we need not and do not further consider whether the trial court abused its discretion in imposing its sanction.