

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| In Re the Marriage of: | ) | |
| SHANE STROBEL and | ) | |
| BOBBI JO STROBEL | ) | |
| | ) | |
| SHANE STROBEL, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD35817 |
| | ) | |
| BOBBI JO STROBEL, | ) | **Filed: October 15, 2019** |
| | ) | |
| Respondent-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable Scott Horman

## **AFFIRMED**

Shane Strobel ("Husband") appeals the judgment that dissolved his marriage to Bobbi Jo Strobel ("Wife"). His first two points claim the trial court abused its discretion in dividing the couple's marital property, specifically Wife's 401(k) account and stock-ownership plan. Husband's third point claims the trial court erred in ordering him to pay Wife's attorney $1,500.00 as a sanction for Husband's pre-trial behavior. Because Husband has failed to prove reversible error, the presumed-correct judgment of the trial court must be affirmed.

> As with any court-tried case, the judgment in a dissolution case will be affirmed if it is supported by the evidence; it is not against the weight of

1

the evidence; and it does not erroneously declare or apply the law. *Jones v. Jones,* 277 S.W.3d 330, 334 (Mo.App.W.D.2009). We view the evidence in the light most favorable to the dissolution decree and disregard any contrary evidence or inferences therefrom. *Id.* We defer to the trial court's credibility determinations. *Id.* Where the issue on appeal is the trial court's application of section 452.330.1[] in dividing marital property, "this court will interfere only where the division is so unduly favorable to one party that it constitutes an abuse of discretion." *Id.* at 337 (internal quotation omitted). We presume that the division of property was correct; the party challenging it bears the burden of overcoming the presumption. *Sullivan v. Sullivan,* 159 S.W.3d 529, 534 (Mo.App.W.D.2005).

***Stone v. Stone***, 450 S.W.3d 817, 820 (Mo. App. W.D. 2014).

Contemporaneous evidence of the values of Wife's 401(k) plan and Employee Stock Ownership Plan ("stock ownership plan") was presented to the trial court. In dividing the parties' assets, the trial court awarded 80% of the martial portion of those plans to Wife and 20% to Husband.

The judgment also ordered Husband to pay Wife's attorney "$1,500.00 as and for reasonable attorney fees and expenses incurred as a direct result of [Husband's] violations" of Rule 55.03(c),[1] which deals with representations made to the trial court by a party or the party's lawyer. Husband did not file a request for particular findings of fact or conclusions of law, and he did not file a post-trial motion to amend the judgment.

Points 1 and 2 inadequately challenge a specific portion of the trial court's division of marital property, and they fail for the same reason. Point 1 states (*verbatim*) that "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ENTERED ITS' [sic] JUDGMENT DISTRIBUTING MARITAL PROPERTY NOT VALUED AT [THE] TIME OF TRIAL."[2] Point 2 states (*verbatim*) that "THE TRIAL COURT ERRED AND

---

[1] All rule references are to Missouri Court Rules (2019).
[2] The argument portion of Husband's brief makes it clear that he is referencing the stock ownership plan and Wife's 401(k), the same assets at issue in Point 2.

ABUSED ITS' [sic] DISCRETION WHEN IT AWARDED HUSBAND ONLY 20% OF WIFE'S 401(K) AND 20% OF WIFE'S BANK SHARES."

The failure of these points to comply with the requirements of Rule 84.04 brings an analogy to mind. Every successful cake, no matter how simple or elaborate, is based upon the inclusion of a few essential ingredients. Leave any one of those essential ingredients out, and all your efforts -- however vigorous or well-intended -- will not produce a cake. It cannot happen. Rule 84.04(d) is not set up as a technical barrier to trap the unwary or to impede the administration of justice. ***Rushing v. City of Springfield***, 180 S.W.3d 538, 541 (Mo. App. S.D. 2006). Rather, it is a list of the essential "ingredients" necessary to demonstrate reversible error in any civil appeal.

All of Husband's points (including point 3, discussed *infra*) fail to include the essential ingredients listed in Rule 84.04(d). While each identifies the "ruling or action" by the trial court being challenged on appeal (the "ruling" ingredient), *see* Rule 84.04(d)(1)(A), each fails to identify the ***Murphy*** ground applicable to its respective claim (the "legal reason why" ingredient), *see **Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976); Rule 84.04(d)(1)(B), and they all fail to "[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error" (the "context" ingredient), Rule 84.04(d)(1)(C).

In regard to points 1 and 2, the absence of the context ingredient is fatal. This court will only "interfere with the trial court's distribution of marital property [] if the division is so heavily weighted in favor of one party as to amount to an abuse of discretion." ***In re Marriage of Cunningham***, 571 S.W.3d 688, 693 (Mo. App. S.D. 2019) (quoting ***Landewee v. Landewee***, 515 S.W.3d 691, 694 (Mo. banc 2017)).

Husband picks out two particular slices of the property division cake without identifying how those slices fit into the context of the trial court's overall division of property and debt. We addressed a similar failing in *Cunningham*.

> For Husband to succeed in a challenge that the overall division was so one-sided as to be inequitable as he now claims, it is incumbent upon him to demonstrate (at least) the proportional values of the items assigned, whether each item is marital or nonmarital, and the nature of the credited evidence pursuant to the section 452.330.1 factors. [*In re Marriage of*] *Sivils*, 526 S.W.3d [375,] 385 [(Mo. App. S.D. 2017)]. While Husband's brief mentions some numbers, the absence of trial court findings on the value of several items, the lack of findings on designations of marital versus nonmarital property, and Husband's failure to preserve the issue via a motion to amend the judgment, pursuant to Rule 78.07(c), dooms this challenge. Husband fails to demonstrate that the trial court abused its discretion in classifying and distributing the property at issue.

571 S.W.3d at 697.

As in *Cunningham*, Husband has failed to note the proportional values of the items assigned, whether each is marital or non-marital, and how they fit into the overall division of property and debt. As a result, Husband has failed to demonstrate that the trial court committed reversible error in its property distribution   Points 1 and 2 are denied.

Point 3 simply claims "THE TRIAL COURT ERRED AND ABUSED ITS' [sic] DISCRETION IN GRANTING RULE 55.03(c) SANCTIONS AGAINST HUSBAND AND AWARDING ATTORNEY FEES OF $1,500.00."

We will reverse a decision to grant sanctions under Rule 55.03 only if it constitutes an abuse of discretion. *Bothe v. Bothe*, 266 S.W.3d 321, 327 (Mo. App. E.D. 2008). Here, the trial court ordered Husband to pay Wife's attorney $1,500 for Husband's conduct in slowing the progress of the litigation with what the trial court considered to be frivolous delays.

4

Husband argues – without any citation to the record – that Wife was actually responsible for the delay in getting to trial because she purposely concealed a conflict of interest with the judge previously assigned to the case and thereby "sandbagged the issue a long time[.]" Husband also argues -- without any citation to supporting legal authority -- that "a party cannot be sanctioned if the trial judge continues a case."

> [A]ppellate courts have no duty to search the record for facts that might substantiate a point on appeal. *Jimmy Jones Excavation,* [*Inc. v. JDC Structural Concrete, LLC*], 404 S.W.3d [922,] 924 [(Mo. App. S.D. 2013)]. "That is the duty of the parties, not the function of an appellate court ... [which] cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *Id.*

*Pemiscot Cty. Port Auth. v. Rail Switching Servs., Inc.*, 523 S.W.3d 530, 534 (Mo. App. S.D. 2017).

In addition to failing to include the essential "legal reason why" and "context" ingredients in his point, Husband's failure to identify any relevant facts in the record that might support his claim of error violates Rule 84.04(e) and justifies dismissal or denial of Point 3. *See id.*

No adequate challenge having been mounted, the presumed-correct judgment of the trial court is affirmed.

DON E. BURRELL, OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

5